PEOPLE v GULLEY

1. CRIMINAL LAW—PROBATION—PROBATION REVOCATION—HEARING—
   CONSTITUTIONAL LAW—DUE PROCESS.

   The due process requirements of a probation revocation hearing
   are (1) written notice of the claimed violations of probation; (2)
   disclosure to the probationer of evidence against him; (3) oppor-
   tunity to be heard in person and to present witnesses and
   documentary evidence; (4) the right to confront and cross-exam-
   ine adverse witnesses; (5) a neutral and detached hearing body;
   and (6) a written statement by the factfinders as to the evi-
   dence relied on and the reasons for revoking probation.

2. CRIMINAL LAW—PROBATION—PROBATION REVOCATION—HEARING—
   CONSTITUTIONAL LAW—DUE PROCESS.

   A probation revocation proceeding need not consist of both a
   preliminary probable cause hearing and a final hearing to
   determine guilt; where one hearing, which satisfies procedural
   due process, is held soon after the defendant is given notice, the
   revocation hearing requirements are fulfilled.

3. CRIMINAL LAW—PROBATION—PROBATION VIOLATION—HEARING—
   NOTICE—REASONABLE NOTICE—STATUTES.

   The requirement of reasonable notice must be read into the
   statutory provision entitling a defendant charged with a viola-
   tion of probation to a written copy of the charges against him
   and to a hearing thereon (MCLA 771.4; MSA 28.1134).

4. CRIMINAL LAW—PROBATION—PROBATION REVOCATION—HEARING—
   NOTICE—REASONABLE NOTICE.

   A defendant was not given reasonable notice of a probation
   revocation hearing where the hearing was held only one day
   after the order of violation was dated; the defendant was not
   afforded sufficient time to retain counsel, gather witnesses, or
   otherwise prepare a defense.

REFERENCES FOR POINTS IN HEADNOTES

[1-5] 21 Am Jur 2d, Criminal Law §§ 567, 568.

Right to notice and hearing before revocation of suspension of
sentence, parole, conditional pardon, or probation. 29 ALR2d
1074.

5. CONSTITUTIONAL LAW—PROBATION—PROBATION REVOCATION—
HEARING—RIGHT TO COUNSEL—OPPORTUNITY TO OBTAIN COUN-
SEL—REASONABLE OPPORTUNITY.

A defendant is guaranteed the right to counsel at a probation
revocation hearing which also involves sentencing, and this
right entails affording the defendant a reasonable opportunity
to obtain counsel of his own choosing; one day is not such a
reasonable opportunity, and a trial court's refusal to allow a
defendant time to retain counsel, when the defendant was in
fact attempting to do so, was error.

Appeal from Recorder's Court of Detroit, Joseph
A. Gillis, J. Submitted November 10, 1975, at
Detroit. (Docket Nos. 23783, 23784.) Decided De-
cember 4, 1975. Leave to appeal denied, 396 Mich
850.

Oscar E. Gulley was charged with violating the
terms of his probation, probation was revoked and
he was sentenced to life imprisonment. Defendant
appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Patricia J. Boyle,* Principal
Attorney, Research, Training & Appeals, and *Ti-
mothy A. Baughman,* Assistant Prosecuting Attor-
ney.

*Jack J. Kraizman,* for defendant.

Before: DANHOF, P. J., and McGREGOR and N. J.
KAUFMAN, JJ.

N. J. KAUFMAN, J. Defendant appeals of right
from the revocation by Detroit Recorder's Court of
defendant's two probationary sentences.

On January 29, 1974, defendant plead guilty to
two counts of assault with intent to rob being
armed, MCLA 750.89; MSA 28.284. He was placed
on probation for a period of five years on each of

the plea-based convictions. On January 28, 1975, a notice of probation violation was filed with the court, asserting that defendant violated his probation by robbing while armed a restaurant, unlawfully appropriating a bus and by assaulting a police officer with the bus. A hearing was held on January 29, 1975, at which time the trial court found that the terms of probation had been violated and sentenced defendant to two concurrent sentences of life imprisonment.

Defendant challenges these convictions by claiming that the trial court erred reversibly by refusing to allow defendant additional time to secure private counsel and by failing to provide a hearing consistent with due process and fundamental fairness. We agree.

The record shows that defendant received notice of the hearing on the day before he was to appear. When he arrived, one Frank MacLean, a local attorney, was waiting to represent him. Defendant had never met MacLean, nor had he requested that an attorney be appointed for him.

The trial court called the case. Immediately, Mr. MacLean indicated that defendant had not yet signed the receipt for his copy of the probation violation nor had he signed for the appointment of counsel. Defendant then indicated that he already had retained an attorney. After the court inquired as to his attorney's name, defendant indicated that his name was Silverstein. Defendant had never met him and did not know his first name. The court told his clerk to call Norman Silverstein. The court explained the nature of the receipt for the written copy of the probation violation. The court read the violation charges to defendant. The clerk then indicated that he had called Norman Silverstein and found out he had no knowledge of

defendant. The court decided to try to contact defendant's mother to ascertain whether counsel had been secured.

Soon thereafter the court indicated that he had conversed with defendant's mother. The court further indicated that he had just learned that defendant's brother had talked to one Ronald A. Fruitman about representing defendant. The court then stated that since defendant had two days notice of the probation violation proceedings, the proceedings would not be continued to a later date to await counsel of defendant's choice. The court told defendant to sign the affidavit requesting counsel so that MacLean could be appointed to represent him.

The revocation proceedings then began immediately. Witnesses were sworn. Testimony was given. Verdicts and sentences were rendered. In *Gagnon v Scarpelli,* 411 US 778; 93 S Ct 1756; 36 L Ed 2d 656 (1973), the Supreme Court applied to probation revocation hearings procedural safeguards which it had prescribed for parole revocation hearings in *Morrissey v Brewer,* 408 US 471; 92 S Ct 2593; 33 L Ed 2d 484 (1972). *Gagnon* and *Morrissey* required two hearings to be held, a preliminary probable cause hearing and a final hearing to determine guilt. The Court noted:

" 'At the preliminary hearing, a probationer or parolee is entitled to notice of the alleged violations of probation or parole, an opportunity to appear and to present evidence in his own behalf, a conditional right to confront adverse witnesses, an independent decision-maker, and a written report of the hearing. 408 U.S., at 487. The final hearing is a less summary one because the decision under consideration is the ultimate decision to revoke rather than a mere determination of probable cause, but the "minimum requirements of due process" include very similar elements:

" '(a) written notice of the claimed violations of [probation or] parole; (b) disclosure to the [probationer or] parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a "neutral and detached" hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking [probation or] parole.' *Morrissey v Brewer, supra,* at 489." 411 US, p 786.

This Court has held that the Michigan probation revocation procedure satisfies these requirements. *People v Leroy Jackson,* 63 Mich App 241; 234 NW2d 467 (1975). We have also held that the two-hearing requirements of *Morrissey* and *Gagnon* are not required in every case. *People v Blakely,* 62 Mich App 250; 233 NW2d 523 (1975). Where one hearing, which satisfies procedural due process, is held soon after defendant is given notice, the *Morrissey-Gagnon* requirements are fulfilled. *Id.*

In proceedings such as this, the notice requirement may well be the most crucial. To comply with due process requirements, the notice "must be given sufficiently in advance of scheduled court proceedings so that reasonable opportunity to prepare will be afforded". *In re Gault,* 387 US 1, 33; 87 S Ct 1428; 18 L Ed 2d 527 (1967). The pertinent statute provides only:

"That the probationer shall be entitled to a written copy of the charges against him which constitute the claim that he violated his probation, and shall be entitled to a hearing thereon." MCLA 771.4; MSA 28.1134.

The requirement of reasonable notice must, of

course, be read into this provision. We would suggest that the Legislature or each trial court, subject to Supreme Court approval, adopt a specific time period for notice.

In the instant case, defendant was not given reasonable notice. The order of violation was dated January 28, 1975; the hearing was held January 29, 1975. One day is surely not enough time to retain counsel, gather witnesses, or otherwise prepare a defense.

We hold further that the trial court's refusal to allow defendant time to retain counsel was error. A defendant is guaranteed the right to counsel at revocation hearings which also involve sentencing. *Mempa v Rhay,* 389 US 128; 88 S Ct 254; 19 L Ed 2d 336 (1967), *People v Kitley,* 59 Mich App 71; 228 NW2d 834 (1975).[1] The right to counsel entails affording a defendant a reasonable opportunity to obtain counsel of his own choosing. *People v Stinson,* 6 Mich App 648, 654; 150 NW2d 171 (1967), *lv den* 379 Mich 785 (1967). One day is not "reasonable opportunity". We find clear the impropriety of forcing appointed counsel on an individual who has the means to retain counsel and who is, in fact, attempting to do so.

Reversed and remanded for proceedings consistent with this opinion.

---

[1] The Supreme Court in *Gagnon v Scarpelli,* 411 US 778; 93 S Ct 1756; 36 L Ed 2d 656 (1973), held that the right to counsel applies only to those revocation hearings where sentence is imposed. Where sentence was imposed at trial, the right to counsel at a probation revocation hearing is to be decided on a case-by-case basis:

"Presumptively, it may be said that counsel should be provided in cases where, after being informed of his right to request counsel, the probationer or parolee makes such a request, based on a timely and colorable claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present." 411 US, p 790.