PEOPLE v BELL

OPINION OF THE COURT

1. CRIMINAL LAW—PROBATION REVOCATION HEARING—PROCEDURAL
   SAFEGUARDS—PAROLE REVOCATION HEARING—PROBABLE CAUSE
   HEARING—FINAL HEARING.

   A probation revocation hearing has the same procedural safe-
   guards as are prescribed for parole revocation hearings and two
   hearings are required to be held, a preliminary probable cause
   hearing and a final hearing to determine guilt.

2. CRIMINAL LAW—PROBATION REVOCATION HEARING—NOTICE RE-
   QUIREMENT—ERROR.

   The notice requirement which is applicable to probation revoca-
   tion hearings may well be the most crucial procedural safe-
   guard, sufficiently in advance of scheduled court proceedings so
   that reasonable opportunity to prepare is afforded, and where
   the defendant is not given the requisite notice, there is reversi-
   ble error.

3. CRIMINAL LAW—PROBATION REVOCATION HEARING—WAIVER—NON-
   JURISDICTIONAL DEFECTS.

   A defendant who pleads guilty to a charge brought against him
   at a probation revocation hearing waives all nonjurisdictional
   defects.

4. CRIMINAL LAW—PROBATION REVOCATION HEARING—REMAND—
   GUILTY PLEA—CONDITION OF PROBATION—SENTENCE.

   A remand for reconsideration of a second charge is necessary,
   although defendant has already pled guilty to one charge of
   having violated a condition of his probation at a probation
   revocation hearing, because an acquittal on the second charge
   might alter his sentence.

---

REFERENCES FOR POINTS IN HEADNOTES
[1-5] 21 Am Jur 2d, Criminal Law §§ 567, 568.
   Right to notice and hearing before revocation of suspension of
      sentence, parole, conditional pardon, or probation. 29 ALR2d
      1074.

Concurrence in Part and Dissent in Part by Danhof, P. J.

5. Criminal Law—Probation Revocation Hearing—Due Process—
   Notice—Waiver—Guilty Plea.

   *Due process requires adequate notice before a probation revoca-
   tion hearing is held, and where the defendant was picked up by
   the police, incarcerated for three weeks, and then, in one day
   obtained counsel, received notice of his violations, and was
   brought before the trial court, it is difficult to see how he
   intelligently waived the notice necessary to reasonably prepare
   for the hearing.* .

Appeal from Recorder's Court of Detroit, Joseph
A. Gillis, J. Submitted November 10, 1975, at
Detroit. (Docket No. 23786.) Decided February 11,
1976. Leave to appeal denied, 397 Mich —.

Gaylord F. Bell was convicted, on his plea of
guilty, of assault with intent to rob being armed.
He was placed on probation. He was found guilty
of violating the terms of his probation, and an
order was entered revoking his probation. Defend-
ant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Patricia J. Boyle,* Principal
Attorney, Research, Training and Appeals, and
*Barry J. Siegel,* Assistant Prosecuting Attorney,
for the people.

*Thomas Lazar,* for defendant on appeal.

Before: Danhof, P. J., and McGregor and N. J.
Kaufman, JJ.

N. J. Kaufman, J. On March 6, 1973, Gaylord F.
Bell pled guilty to assault with intent to rob being
armed, MCLA 750.89; MSA 28.284. He was sen-
tenced on the same date to five years of probation

with the special instructions that he have a midnight curfew and that he participate in a drug abuse program.

The record indicates that on March 10, 1975, a notice of probation violations was filed against the defendant. Also, on March 10, 1975, the defendant was given a hearing on the probation violations before the same judge who had earlier accepted his plea of guilty. At the hearing, the defendant was represented by counsel. Based on the statements of his probation officer, it was found that defendant had missed appointments at the drug clinic in January, 1975. Further, an employee of a clothing store testified that on February 13, 1975, she had seen the defendant take a coat out of the store without paying for it. The defendant denied having taken the coat, but pled guilty to missing the appointments at the drug clinic. The trial court found the defendant guilty of violating probation on both counts. The defendant was then sentenced to a term of a minimum of 3 years to a maximum of 20 years in prison. The charge on the coat incident was dismissed.

From February 13 to March 10, the defendant had been incarcerated at the county jail, apparently because his bond had been improperly marked for sureties. The defendant appeals of right.

The issue raised on appeal is whether the probation revocation hearing in the instant case violated due process. In *Gagnon v Scarpelli,* 411 US 778; 93 S Ct 1756; 36 L Ed 2d 656 (1973), the Supreme Court applied to probation revocation hearings procedural safeguards which it had prescribed for parole revocation hearings in *Morrissey v Brewer,* 408 US 471; 92 S Ct 2593; 33 L Ed 2d 484 (1972). *Gagnon* and *Morrissey* required two hearings to be

held, a preliminary probable cause hearing and a
final hearing to determine guilt. The Court noted:

"[T]he 'minimum requirements of due process' in-
clude * * * :

" '(a) written notice of the claimed violations of [pro-
bation or] parole; (b) disclosure to the [probationer or]
parolee of evidence against him; (c) opportunity to be
heard in person and to present witnesses and documen-
tary evidence; (d) the right to confront and cross-exam-
ine adverse witnesses (unless the hearing officer specifi-
cally finds good cause for not allowing confrontation);
(e) a "neutral and detached" hearing body such as a
traditional parole board, members of which need not be
judicial officers or lawyers; and (f) a written statement
by the factfinders as to the evidence relied on and
reasons for revoking [probation or] parole.' *Morrissey v
Brewer, supra,* at 489." 411 US, p 786.

As we noted recently in *People v Gulley,* 66
Mich App 112; 238 NW2d 421 (1975).

"In proceedings such as this, the notice requirement
may well be the most crucial. To comply with due
process requirements, the notice 'must be given suffi-
ciently in advance of scheduled court proceedings so
that reasonable opportunity to prepare will be afforded.'
*In re Gault,* 387 US 1, 33; 87 S Ct 1428; 18 L Ed 2d 527
(1967)."

In the instant case, defendant was not given the
requisite notice. The trial court, thus, erred revers-
ibly. However, defendant pled guilty to the first
charge, failure to attend a drug abuse clinic. As to
this charge, he thus waived all non-jurisdictional
defects. *People v Potts,* 45 Mich App 584; 207
NW2d 170 (1973). Defendant's conviction on the
second charge is properly before us. Because de-

fendant was not given a reasonable opportunity to prepare for the revocation hearing, his conviction on the second charge, shoplifting, must be reversed.

Although defendant has already pled guilty to having violated a condition of his probation, we find that a remand for reconsideration of the second charge is necessary because an acquittal might alter his sentence. The order revoking defendant's probation is set aside, the sentence vacated, and the defendant is remanded to the custody of Recorder's Court without prejudice on the part of the court to conduct a hearing after defendant is given sufficient notice and opportunity to prepare for the hearing. Defendant shall be given credit for time incarcerated while awaiting bond.

McGREGOR, J., concurred.

DANHOF, P. J. *(concurring in part, dissenting in part)*. I would concur with the finding of the majority as to the second count that the trial court committed reversible error in not giving the defendant the requisite notice.

However, I would also vote to reverse and remand for a hearing on the first count. Under the circumstances of this case, it is difficult to see how the defendant intelligently waived the notice necessary to reasonably prepare for the hearing. He was picked up by the police on the coat charge and incarcerated for three weeks. Then, on March 10, 1975, he obtained counsel, received notice of his violations, and was brought before the trial court. Due process requires adequate notice before any hearing is held which has the consequences of the one in the present case.