PEOPLE v COLEMAN

Opinion of the Court

1. Criminal Law—Probation Revocation Proceedings—Hearings
—Notice—Due Process Rights—Waiver—Appeal and Error.

A defendant's probation revocation should be reversed where the record is confusing as to the question of timely and sufficient notice to the defendant of the charges and where there is not sufficient record support for a knowing, understanding waiver of a defendant's rights to a probation revocation hearing.

Dissent by D. F. Walsh, J.

2. Criminal Law—Appeal and Error—Probation Violation—
Hearings—Notice—Pleas of Guilty.

*A defendant's conviction for probation violation was established at a proper hearing therefor where (1) the defendant acknowledged receipt of the petition for a revocation hearing, (2) the defendant appeared at the hearing where he was represented by counsel, (3) the court advised the defendant that he could contest any of the charges, and (4) the defendant indicated, through counsel, that he did not wish to contest the charges and would plead guilty to the charges.*

3. Criminal Law—Probation Violation—Probation Revocation
Hearings—Due Process Requirements—Pleas of Guilty.

*The due process requirements for probation revocation hearings which are recited in precedent cases do not all apply to a case in which the defendant pleads guilty to the alleged violations.*

References for Points in Headnotes
[1–4] 21 Am Jur 2d, Criminal Law §§ 567, 568.
  Right to assistance of counsel at proceedings to revoke probation. 44 ALR3d 306.
  Right to notice and hearing before revocation of suspension of sentence, parole, conditional pardon, or probation. 29 ALR2d 1074.

4. Criminal Law—Probation Violation—Pleas of Guilty—Waiver
—Voluntary Waiver.

   *A defendant's admission of guilt and waiver of his rights to*
   *contest charges of violation of probation must be voluntary.*

Appeal from Wayne, James N. Canham, J. Submitted December 14, 1976, at Detroit. (Docket No. 27153.) Decided March 30, 1977.

Willie J. Coleman was convicted of gross indecency between males and carrying a concealed weapon and was placed on probation. Probation revoked. Defendant appeals by leave granted. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Research, Training & Appeals, and *Robert A. Reuther,* Assistant Prosecuting Attorney, for the people.

*Alvin C. Sallen,* for defendant.

Before: T. M. Burns, P. J., and M. J. Kelly and D. F. Walsh, JJ.

M. J. Kelly, J. On June 28, 1973, defendant was placed on probation after being convicted by a jury of gross indecency between males, MCLA 750.338; MSA 28.570, and carrying a concealed weapon, MCLA 750.227; MSA 28.424. On August 25, 1975, defendant was sentenced to six months imprisonment for failure to pay a domestic support order. On October 14, 1975, defendant's probation was revoked after defense counsel told the court that defendant wished to plead guilty to failure to report bi-weekly, failure to maintain steady employment, failure to support his family, and failure to pay court costs. Defendant was sentenced to a

prison term of two to five years and appeals the revocation of his probation, raising three assignments of error.

Defendant argues that the failure of the record to demonstrate that he was served with a copy of the warrant for probation violation requires reversal. Defendant signed a copy of the Petition to Revoke and Terminate Probation, which listed the charges against him, and a copy of the Order to Show Cause why Probation Order Should Not be Revoked and Terminated. Defendant now urges that an examination of the transcript shows that he was never furnished with a written copy of the charges contained in the probation violation warrant. That is not our reading of the transcript. The best that can be said is that the transcript is ambiguous as to whether in fact a written copy of the charges was served on the defendant in advance of the hearing.

The problem is this. The form purporting to show service is contained toward the bottom of the Order to Show Cause. The Order to Show Cause was set for October 14, 1975, at 9 a.m. We attach a copy of the Order to Show Cause marked Appendix "I".

Apparently the officer who served the Order to Show Cause did not sign it and the defendant signed in the blank left for the officer. The time indicated was originally 2 a.m., but a.m. seems to have been crossed out and p.m. circled. We surmise that the hearing, although set for 9 a.m., did not take place until after 2 p.m. It is indicative of the looseness of the procedure that the form says defendant has a five-day waiting period which he is entitled to waive or to demand, yet the form is incomplete as to any activity thereon. It is certain that the hearing took place on the same day of the service, whether before or after.

Whether we believe that the defendant was in fact accorded due process[1] of law is not the question. We believe that defendant, represented by able counsel, wished to plead guilty and to try to persuade the court to be lenient on sentencing. Counsel asked the court to impose a six-month sentence and gave a detailed argument as to the reasons why. Counsel stated:

"I would, after talking to the defendant be willing to say that if the same conditions were placed upon the defendant, six months period of incarceration and/or a $500 fine could be imposed in this matter."

But the argument was rejected by the sentencing judge.

Now the question becomes, how much *record support* is required by the *Gagnon v Scarpelli,* 411 US 778; 93 S Ct 1756; 36 L Ed 2d 656 (1973), and *Morrissey v Brewer,* 408 US 471; 92 S Ct 2593; 33 L Ed 2d 484 (1972), progeny?

We believe that there is not sufficient record support for a knowing, understanding waiver of the defendant's rights because he was not told on the record that he was entitled to a hearing on his probation violation, nor did he state on the record that he was pleading guilty and did not want a hearing. See *People v Michael Brown,* 72 Mich App 7; 248 NW2d 695 (1976). The state of the law in this area seems to be too far stylized along the formal guilty plea requirements of verbal confession by the defendant for us to say that the argument by his attorney constituted a waiver of all the due process rights outlined in the cases following *Gagnon, supra* and *Morrissey, supra.*

---

[1] Due process rights are what the court of last resort says they are (like the king in Alice in Wonderland).

Furthermore the record is confusing as to the question of timely and sufficient notice to the defendant of the charges. *People v Bell,* 67 Mich App 351; 241 NW2d 203 (1976).

We are constrained to reverse this probation revocation, not on the merits,[2] but for lack of formal record support as to the due process requirements engrafted on the statute, MCLA 771.4; MSA 28.1134.

Remanded.

T. M. BURNS, P. J., concurred.

[2] We shuttle this back with every anticipation that a different result will not obtain on new hearing.

Dissent by D. F. WALSH, J.

## STATE OF MICHIGAN
### THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

PEOPLE OF THE STATE OF MICHIGAN

vs.                                    Criminal No. 73-56936-FY

WILLIE JAMES COLEMAN
          Defendant

**ORDER TO SHOW CAUSE WHY PROBATION ORDER
SHOULD NOT BE REVOKED· AND TERMINATED**

| Date of Probation June 28, 1973 | Term Five Years |
|---|---|
| Charge 1) GROSS INDECENCY BETWEEN MALES  2) CCW IN MOTOR VEHICLE | |
| Judge JAMES N. CANHAM | John Paul, Director |

It is hereby ordered that said defendant, _____ WILLIE JAMES COLEMAN _____

_____, Show Cause on _____ OCTOBER 14, 1975 _____, at

_____ 9:00 _____ **a.m.** pxx, why the Order of Probation in this case should not be terminated and revoked and the defendant sentenced, and that a copy of this Order and of said Petition be served upon the defendant.

JAMES N. CANHAM
_____
Circuit Judge

Date: OCT 14 1975.

TO: JOHN PAUL, Director ·
    Wayne County Probation Department

A TRUE COPY
JAMES R. KILLEEN
CLERK
BY EG _____ DEPUTY CLERK

On _____ Oct. 14, 1975 _____ at 2:00 AM a.m. p.m., I personally served
_____ WILLIE JAMES COLEMAN _____ in the Wayne County Jail with a copy of the Petition to Revoke and Terminate Probation and a copy of the Order to Show Cause why Probation Order should not be revoked and terminated.

(Signed) X _____ Willie Coleman _____

I, _____ WILLIE JAMES COLEMAN _____, did on this _____ day

of _____ A.D. 19 _____, accept the above described papers. (I do/do not waive the 5-day waiting period to which I am entitled.)

Witness:
_____          Signed: _____
WSO:KS:eb
10/8/85

Form BP-26

APPENDIX I

D. F. WALSH, J. *(dissenting)*. I find no grounds for reversal in this case. Defendant was charged with violation of the conditions of his probation in a written petition for a revocation hearing. There is no question in my mind that defendant acknowledged receipt of a copy of this petition when he signed the proof of service, albeit his signature appears on the wrong line of the form.

Defendant appeared at the hearing where he was represented by counsel. The court advised the defendant that he could contest the charges when he asked if defendant wished to challenge any of the assertions made by the probation officer. Through counsel defendant indicated that he did not wish to do so, and that he would plead guilty to the charges.

Certainly all of the statutory requirements for a probation revocation hearing were satisfied. MCLA 771.4; MSA 28.1134. Moreover, there was no denial of the constitutionally guaranteed right to due process.

The Michigan cases relating to due process in probation revocation hearings are largely based on *Gagnon v Scarpelli,* 411 US 778; 93 S Ct 1756; 36 L Ed 2d 656 (1973), and *Morrissey v Brewer,* 408 US 471; 92 S Ct 2593; 33 L Ed 2d 484 (1972). Not all of the requirements of *Gagnon* and *Morrissey* apply to cases in which the defendant pleads guilty to the alleged violations. For instance, a defendant who pleads guilty to the charges need not be given a number of days to prepare for the hearing, nor need the court file a written statement indicating the evidence relied upon in making its determination that the terms of probation were violated. The reasons for revoking probation should appear in the record. In this case they did appear in the order revoking probation.

Defendant's admission of guilt and waiver of his right to contest the charges must be voluntary. *People v Michael Brown,* 72 Mich App 7; 248 NW2d 695 (1976). We reversed in *Brown* because the defendant was never advised of his right to a hearing. Here, however, the court clearly indicated to the defendant that he had a right to contest the charges. In my judgment the failure of the court to give specific advice on defendant's right to produce witnesses in his own behalf did not, under the circumstances of this case, render the admission of guilt or the waiver involuntary.

I would affirm.