PEOPLE v RADNEY

1. CRIMINAL LAW—PROBATION REVOCATION—NOTICE—RIGHT TO CON-
   TEST—CHARGES—RIGHT TO AN ATTORNEY.

   The questions of whether a defendant was given timely notice of
   the charges he was to face at a probation revocation hearing
   and whether he was adequately informed of his rights to
   contest rather than admit the charges were adequately raised
   on appeal where defendant states in his brief that "the only
   information the defendant had was that of a notice of violation
   and that he had a right to an attorney; he was also asked if he
   had any answer to the charge to which he replied 'No' " and
   where defendant alleges that the probation revocation was
   "without any of the procedure safeguards necessary for due
   process".

2. CRIMINAL LAW—PROBATION REVOCATION—NOTICE—TIMELY SERVICE
   OF NOTICE—STATUTES.

   Written notice to a defendant of charged probation violations is
   statutorily required; such notice must be served sufficiently in
   advance of scheduled court proceedings so that the defendant
   has a reasonable opportunity to prepare (MCLA 771.4; MSA
   28.1134.)

3. CRIMINAL LAW—PROBATION REVOCATION—NOTICE—TIMELY SERVICE
   OF NOTICE.

   A defendant charged with violation of the terms of his probation
   was not served with timely notice of the violation where the
   probation revocation hearing was held forthwith after the
   defendant received a written notice of violation.

4. CRIMINAL LAW—PROBATION REVOCATION—HEARING—NOTICE—
   WAIVER—RIGHT TO CONTEST CHARGES.

   It is necessary that a defendant charged with probation violation
   be informed of his right to a hearing and that he has an

REFERENCES FOR POINTS IN HEADNOTES
[1–5] 21 Am Jur 2d, Criminal Law §§ 567, 568.
   Right to notice and hearing before revocation of suspension of
   sentence, parole, conditional pardon, or probation. 29 ALR2d
   1074.

alternative to admitting the violations before he may validly waive a hearing on the charges and admit a violation of his probation; that requirement was not met where neither the form language on the notice of violation nor the court's mention of the word "hearing" in its colloquy with the defendant sufficiently apprised the defendant of his right to contest the charges.

5. CRIMINAL LAW—PROBATION REVOCATION—HEARING—WAIVER.

A statement of a defendant charged with probation violation that he has no answer to the charges of probation violation is not a sufficient indication that the defendant wishes to waive his probation revocation hearing.

Appeal from Recorder's Court of Detroit, George W. Crockett, Jr., J. Submitted November 15, 1977, at Detroit. (Docket No. 30507.) Decided February 7, 1978.

Roosevelt Radney, Jr., was convicted, on his plea of guilty, of attempted breaking and entering with intent to commit larceny and attempted obtaining money under false pretenses, and was placed on probation. Defendant's probation was revoked and defendant was sentenced to jail. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Principal Attorney, Appeals, and *E. Gail Willhardt,* Assistant Prosecuting Attorney, for the people.

*John C. Mouradian,* for defendant on appeal.

Before: BRONSON, P. J., and ALLEN and T. M. BURNS, JJ.

PER CURIAM. Defendant was placed on probation after having pled guilty to attempted breaking and

entering with intent to commit larceny, MCLA 750.110; MSA 28.305, and attempted obtaining money under false pretenses, MCLA 750.218; MSA 28.415. No appeal was taken from those convictions. Subsequently, defendant's probation was revoked in both cases and defendant was sentenced to serve concurrent two to five year terms.

Most of the issues on appeal, as framed by defendant, have no application to the facts of this case. There were no "contested issues" below. See, *People v Rial,* 399 Mich 431; 249 NW2d 114 (1976). However, defendant does state in his brief:

"The only information the Defendant had was that of a notice of violation and that he had a right to an attorney; he was also asked if he had any answer to the charge to which he replied 'No'.

"The violation of probation hearing in this case amounts to merely giving a notice of violation to the Defendant and then revoking probation without any of the procedural safeguards necessary for due process."

We believe this adequately raises the questions of whether defendant was given timely notice of the charges he was to face at the hearing and whether he was adequately informed of his right to contest, rather than admit, the charges.

The record shows that defendant was served with notice of violations on June 29, 1976, and appeared before the court for arraignment on those charges on the same date. Defendant appeared without an attorney. A hearing was held "forthwith" resulting in immediate revocation of probation and sentencing.

The substance of the hearing is shown by this exchange:

"THE COURT: Among other things, evidently you

were ordered to go to Harbor Light, and you entered there and you left without permission.

"You have had another conviction, I understand, since you were placed on probation. You were convicted before Judge Brezner; is that right?

"THE DEFENDANT: Yes, your Honor.

"THE COURT: Each of those things would be a violation of your probation.

"Since you were convicted of a felony, Mr. Radney, you're entitled to have a lawyer represent you at the violation hearing, and if you are unable to pay for a lawyer, we will appoint a lawyer at public expense. Do you understand that?

"THE DEFENDANT: Yes, your Honor.

"THE COURT: Did you want a lawyer?

"THE DEFENDANT: No, I don't.

"THE COURT: Very well. Have you got any answer you want to make to these charges?

"THE DEFENDANT: No, your Honor, I don't."[1]

The only proof that there was a violation was the probation officer's statement to the court. Defendant made no comment in relation to the charged violations other than that noted above.

Our cases make it clear that the written notice of charged violations which is statutorily required, MCLA 771.4; MSA 28.1134, must be served sufficiently in advance of scheduled court proceedings so that defendant has a reasonable opportunity to prepare. *People v Gulley,* 66 Mich App 112; 238 NW2d 421 (1975), *lv den,* 396 Mich 850 (1976), *People v Bell,* 67 Mich App 351; 241 NW2d 203 (1976), *lv den,* 397 Mich 807 (1976), *People v Gillman,* 71 Mich App 374; 248 NW2d 553 (1976).

---

[1] The prosecutor admits on appeal that the "conviction" referred to by the court at the revocation proceeding was, in fact, not a conviction but rather, a pending charge which has subsequently been dismissed.

In this case defendant received a written notice of violation on June 29, 1976, and the hearing was held forthwith. This was not timely service of the notice. However, because it could be considered that defendant waived timely service, we would not reverse on this ground alone. But see, *People v Bell, supra,* at 355 (opinion of DANHOF, P. J.).

A more fundamental error appears in this record. Before a defendant may validly waive a hearing on the charges and admit a violation of his probation it is necessary that he be informed of his right to a hearing and that there is an alternative to admitting the violations. *People v Rial, supra,* at 440 (LEVIN, J., concurring), *People v Hardin,* 70 Mich App 204; 245 NW2d 566 (1976), *People v Allen,* 71 Mich App 465; 248 NW2d 588 (1976), *People v Michael Brown,* 72 Mich App 7; 248 NW2d 695 (1976). That requirement has not been met on this record. Neither the form language on the notice of violations nor the court's mention of the word "hearing" in its colloquy with the defendant sufficiently apprises defendant of his right to contest the charges. *People v Darrell,* 72 Mich App 710, 714; 250 NW2d 751 (1976) (BRONSON, J., dissenting), *People v Gaudett,* 77 Mich App 496; 258 NW2d 535 (1977).

Defendant is entitled to another revocation hearing at which he is adequately informed of his right to contest the charges if he wishes to do so. We also note that this record does not show that defendant had, in fact, admitted the charged violations. Defendant stated only that he had no answer to the charges. This is not a sufficient indication that defendant wishes to waive his revocation hearing. *People v Allen, supra, People v Coleman,* 74 Mich App 498; 255 NW2d 203 (1977).

Reversed and remanded.