PEOPLE v LAWRENCE

Docket No. 78-1132. Submitted November 9, 1978, at Lansing.—Decided May 2, 1979. Leave to appeal denied, 407 Mich 851.

Defendant, Pamela Lawrence, was convicted, on her plea of guilty, of probation violation in the Saginaw Circuit Court, Eugene Snow Huff, J. She had been placed on probation on condition that she stay at Rubicon-Odyssey House and participate in an educational program approved by her probation officer. Ten days after entering, defendant left Rubicon-Odyssey House, apparently because she was pregnant and the employees of the house were pressuring her to go to Utah and give up her baby. Defendant appeared before the court and was read the charge and given a copy of the charge, although she had no prior written notice as required by law. She was informed of her right to be represented by an attorney and of the fact that the court would furnish her an attorney if she could not afford one. She was also informed of her right to a hearing. After indicating her understanding of her rights, she pled guilty. Defendant appeals. *Held:*

1. Defendant did not receive timely notice of the charge of probation violation.

2. Lack of timely notice vitiated the voluntariness and intelligence with which the subsequent waiver of the rights to an attorney and to a hearing was made.

3. Under the facts, defendant did not knowingly and voluntarily waive the timely notice requirement by pleading guilty.

Reversed and remanded.

D. F. WALSH, P.J., dissented. He would hold that no period of time need elapse between the service of notice of probation

REFERENCES FOR POINTS IN HEADNOTES
[1, 4] 21 Am Jur 2d, Criminal Law § 568.
[2, 4] 21 Am Jur 2d, Criminal Law § 222.
[3, 4] 21 Am Jur 2d, Criminal Law §§ 219, 228, 238, 316, 317, 319.
[5] 21 Am Jur 2d, Criminal Law §§ 316-319, 495.
Court's duty to advise or admonish accused as to consequences of plea of guilty, or to determine that he is advised thereof. 97 ALR2d 549.
[6] 21 Am Jur 2d, Criminal Law §§ 238, 484-496, 567.

violation and a voluntary and knowing plea of guilty to the violation. He would affirm.

### Opinion of the Court

1. Criminal Law — Probation Revocation — Notice — Timely Service of Notice — Statutes.

   Written notice to a defendant of charged probation violations is statutorily required; such notice must be served sufficiently in advance of scheduled court proceedings so that the defendant has a reasonable opportunity to prepare (MCL 771.4; MSA 1134).

2. Criminal Law — Probation Revocation — Notice — Timely Service of Notice.

   A defendant charged with violation of the terms of his probation was not served with timely notice of the violation where the probation revocation hearing was held contemporaneously with the defendant's receiving written notice of violation.

3. Criminal Law — Probation Revocation — Timely Service of Notice — Waiver.

   A probationer who did not receive timely notice of a charge of probation violation and appeared in court, without an attorney, where she was read the notice of violation, handed a copy of the document and asked to plead did not intelligently and voluntarily waive timely notice by admitting the violation where the probationer was pregnant, the condition of probation allegedly violated was that she stay at a particular house and participate in an educational program and the reason for her leaving the house was that the employees were pressuring her to go to Utah to have and give up her baby.

4. Criminal Law — Probation Revocation — Timely Service of Notice — Right to Counsel — Waiver.

   Lack of timely notice of a probation violation vitiates any voluntary and intelligent waiver of the rights to an attorney and a hearing on the violation.

### Dissent by D. F. Walsh, P.J.

5. Criminal Law — Probation Revocation — Timely Service of Notice — Waiver.

   *A probationer who pled guilty to a probation violation charge knowingly and voluntarily waived timely notice of the violation where the court twice explained to her her right to be repre-*

*sented by an attorney, that, if she couldn't afford an attorney, the court would furnish her one and that she was entitled to a hearing on the charges and where she indicated she understood these rights prior to entering her plea.*

6. CRIMINAL LAW — PROBATION REVOCATION — PLEA OF GUILTY — NOTICE — DUE PROCESS.

   *Due process does not require that any period of time elapse between the service of notice of probation violation and a voluntary and knowing plea of guilty to the violation.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert L. Kaczmarek,* Prosecuting Attorney, and *Linda Berns Wright,* Assistant Prosecuting Attorney, for the people.

*Stephen A. Seman,* for defendant on appeal.

Before: D. F. WALSH, P.J., and T. M. BURNS and D. E. HOLBROOK, JR., JJ.

PER CURIAM. Defendant was placed on probation after pleading guilty to attempted larceny in a building, MCL 750.360, 750.92; MSA 28.592, 28.287. Two of the conditions of her probation were that defendant enter and remain at Rubicon-Odyssey House and that she participate in an educational program approved by her probation officer. Ten days after being placed on probation defendant left Rubicon-Odyssey House, apparently because the employees there were pressuring her to go to Utah to have and give up the baby she was then carrying.

The issue in this case is whether a defendant who was not represented by counsel at the revocation proceeding may seek reversal and a remand from a probation revocation proceeding where no timely notice of the charges was given to defendant but she admitted one of the charges. On the

facts of this case we answer yes and remand for further proceedings.

Defendant was arrested on a bench warrant charging a violation of probation based on her refusal to stay at Rubicon-Odyssey House or participate in an educational program. Defendant was brought before the circuit court where the charges were read to her by an assistant prosecuting attorney. The record shows that no notice was served before the hearing began. After defendant was handed a copy of the charges, the court informed her of her right to counsel and her right to a hearing if she was to contest the charges. Defendant stated she would not need an attorney and admitted she had left Rubicon House. The court accepted defendant's statement as a plea of guilty to the first charged violation of probation. The entire proceeding filled less than seven pages of transcript.

There is no doubt that a defendant is entitled to receive the statutorily required[1] notice of alleged violations sufficiently in advance of scheduled court proceedings to afford a reasonable opportunity to prepare. See, *e.g., People v Gulley,* 66 Mich App 112; 238 NW2d 421 (1975), *lv den* 396 Mich 850 (1976), *People v Gillman,* 71 Mich App 374; 248 NW2d 553 (1976), *People v Radney,* 81 Mich App 303; 265 NW2d 128 (1978). A majority of one panel has concluded that this right may be waived by admitting the violation. *People v Bell,* 67 Mich App 351; 241 NW2d 203 (1976), *lv den* 397 Mich 807 (1976).

The defendant in *Bell* was represented by an attorney and contested only one of two alleged violations. Even though the majority found a waiver of timely notice on one charge, the case

---

[1] MCL 771.4; MSA 28.1134.

was reversed and remanded because no timely
notice had been given on the charge which was
contested. Judge DANHOF would have reversed and
remanded on both charges for what he perceived
to be a due process violation based on a lack of an
intelligent waiver of the right to timely notice. 67
Mich App 351, 355.

We agree with the analysis of Judge DANHOF in
*Bell.* Although a case-by-case analysis provides
little guidance for trial courts, it does allow this
Court to identify possible abuses in an area which
has such great significance to individual defen-
dants. The present case is indicative of a problem
greater than merely failing to serve timely notice.
The defendant here appeared in court without an
attorney,[2] was read the notice of violation, handed
a copy of that document and then asked to plead.
Still expressing concern over her unborn child, she
admitted facts which would constitute a violation
of probation. A reading of the transcript can lead
to no other conclusion than that she did not un-
derstand the significance of what she was doing. In
short, the implied waiver of timely notice was not
intelligently or voluntarily given.

Neither this Court nor the Supreme Court has
found it necessary to impose a check list of rights
for probation revocations on the circuit courts.
*People v Rial,* 399 Mich 431; 249 NW2d 114 (1976).
We do not intend to do so here. However, we are
not required to affirm a proceeding which appears
unjust. The defendant did not waive her right to
timely notice of the charges by admitting one of
the violations on the facts presented by this rec-
ord. A lack of notice vitiated the voluntariness and

---

[2] The trial court's warnings were apparently sufficient to avoid
reversal on that score alone. *People v Rial,* 399 Mich 431; 249 NW2d
114 (1976).

intelligence of the subsequent waivers of the right to counsel and the right to a hearing.

The order revoking defendant's probation is set aside and this cause is remanded to the trial court without prejudice to conduct a proper hearing or other proceedings after defendant is again given timely notice of the alleged violation.

D. F. Walsh, P.J. *(dissenting)*. I must dissent. Due process requires that a person charged with violation of probation must be given sufficient notice to permit adequate preparation for a hearing in a contested case. *People v Gulley,* 66 Mich App 112; 238 NW2d 421 (1975), *lv den* 396 Mich 850 (1976). It is my strong conviction, however, that there is no mandatory due process requirement that a period of time elapse between the service of notice of probation violation and a truly voluntary and knowing plea of guilty to the violation.

In this case, before allowing the defendant to make any statement as to whether she was guilty or not guilty of the violation, the court carefully explained to the defendant that she had a right to be represented by an attorney, that, if she could not afford an attorney, the court would furnish one for her and that she was entitled to a hearing in court on the probation violation charges. The court then asked the defendant if she understood what he was telling her and she responded, "Uh-huh". To make certain that the defendant understood the court then explained these rights a second time and again asked the defendant if she understood him. The defendant replied, "Yes, I understand."

The court then asked the defendant if she wanted an attorney and she answered that she did

not. The court asked if the defendant wanted to have a hearing, and she said, "No". Finally the court asked, "Are you going to plead to the charges now?" The defendant said, "Yes", and then entered her plea of guilty.

In *People v Rial,* 399 Mich 431; 249 NW2d 114 (1976), both defendant Rial and defendant Beene entered pleas of guilty at their initial hearings on the prosecutor's petitions for revocation of probation. Both had been advised of their right to counsel and to a formal hearing on the charges. In upholding the guilty pleas the Court stated:

"Each defendant was advised by the court that if he wished to contest the alleged violations of his probation, a hearing would be held to determine the truthfulness of the charges, and he would be entitled to counsel at the hearing. Given the limited nature of these hearings, we hold that both defendants were adequately informed of their procedural and constitutional rights." *People v Rial, supra,* 436.

In my judgment the defendant in this case clearly understood what the court was telling her and knowingly and voluntarily entered her plea of guilty. I find no violation of defendant's due process rights in the court's acceptance of that plea.

I would affirm.