PEOPLE v OJANIEMI

Docket No. 78-4726. Submitted June 6, 1979, at Lansing.—Decided
    October 16, 1979. Leave to appeal applied for.

  Leland Ojaniemi pled guilty to obtaining over $100 by false
  pretenses and was sentenced to probation. On June 28, 1978, a
  bench warrant was issued upon the petition of defendant's
  probation agent which alleged violation of the terms of proba-
  tion. During the morning hours of July 25, 1978, the defendant
  was first presented with the statutorily required notice of the
  probation violation charges. At 11:35 a.m., he appeared before
  the court for a violation hearing, without protesting this last-
  minute notice of the charges. He waived assistance of counsel
  and stated that he understood the charges against him. The
  procedure was explained to him and he told the court, "All I
  want to do is plead guilty". Ontonagon Circuit Court, Donald L.
  Munro, J., found that defendant, apparently on the bases of
  hearing testimony and defendant's concessions, had violated his
  probation and sentenced defendant to prison. Defendant ap-
  peals. *Held:*

    Due process requires adequate and timely notice of the
  proceedings and charges a defendant must face before a viola-
  tion of probation hearing is held so that he has a reasonable
  opportunity to prepare to contest or admit the charges against
  him. Defendant did not receive timely notice of the charges of
  probation violation and the order revoking his probation should
  be set aside and his sentence vacated.

    Reversed.

    V. J. BRENNAN, J., dissented. He would hold that defendant
  had time to prepare for the hearing after he was timely served
  with the notice of violation of probation charges. Extensive
  preparation is unnecessary because if the charges are accurate
  there is nothing defendant can do except request leniency; if

REFERENCES FOR POINTS IN HEADNOTES
[1-3] 21 Am Jur 2d, Criminal Law § 568.
  Right to notice and hearing before revocation of suspension of
    sentence, parole, conditional pardon, or probation. 29 ALR2d
    1074.

they are not, he has a chance to tell the court of any inaccuracies at the revocation hearing.

### OPINION OF THE COURT

1. CRIMINAL LAW — PROBATION REVOCATION — DUE PROCESS —
   NOTICE — TIMELY SERVICE OF NOTICE.

   A defendant charged with violation of probation has a due process right to an adequate and timely notice of the proceedings and charges he must face.

2. CRIMINAL LAW — PROBATION REVOCATION — TIMELY NOTICE OF
   CHARGES — OPPORTUNITY TO MEET CHARGES — STATUTES.

   Notice of probation violation charges must be served sufficiently in advance of scheduled court proceedings so that a defendant has a reasonable opportunity to prepare to contest or admit them (MCL 771.4; MSA 28.1134).

### DISSENT BY V. J. BRENNAN, J.

3. CRIMINAL LAW — PROBATION REVOCATION — NOTICE OF CHARGES —
   PREPARATION OF DEFENSE — REVOCATION HEARING — EXPLANATION OF CHARGES — INACCURACIES — LENIENCY.

   *A probation revocation hearing does not require the preparation time that a trial must have; where a defendant is presented a notice of probation violation which contains various charges resulting in the petition for revocation, either they pertain to him or they don't, and if they don't, he has a chance at the revocation hearing to tell the court of any inaccuracies in the charges; if the charges are accurate there is nothing defendant can do except request leniency.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Roy D. Gotham,* Prosecuting Attorney (by *Thomas C. Nelson,* Assistant Attorney General, Prosecuting Attorneys Appellate Service), for the people.

*Ronald J. Bretz,* Assistant State Appellate Defender, for defendant on appeal.

Before: DANHOF, C.J., and V. J. BRENNAN and H. R. CARROLL,* JJ.

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

DANHOF, C.J. The defendant pled guilty to obtaining by false pretenses a sum of money greater than $100, MCL 750.218; MSA 28.415, and on January 3, 1978, was sentenced to five years probation. Among the special terms of this probation was the requirement that he pay $10 per week toward a court costs assessment of $500.

On June 28, 1978, a bench warrant was issued upon the petition of defendant's probation agent, who alleged that the defendant had not appeared for two monthly appointments, had left the state without permission and been arrested in Florida on a grand theft charge and had made no court costs payment. The defendant waived extradition proceedings in Florida and came into the custody of Michigan officials on July 21, 1978.

During the morning hours of July 25, 1978, the defendant was first presented with the statutorily required notice of the probation violation charges. At 11:35 a.m., he appeared before the court for a violation hearing, without protesting this last-minute notice of the charges. He waived assistance of counsel and stated that he understood the three charges against him. The procedure was explained to the defendant and he told the court, "All I want to do is plead guilty". The court took evidence and found, apparently on the twin bases of the hearing testimony and the defendant's concessions, that the defendant had violated his probation in each of the particulars alleged.[1] A sentence of two to ten years imprisonment was imposed.

Among the rights which due process affords a defendant charged with violation of his probation is the right to adequate and timely notice of the

[1] The court found that, as the defendant claimed, he had been arrested and sentenced in Florida for petty theft rather than grand theft.

proceedings and charges he must face. The impor-
tance of this right may not be underestimated:

"In proceedings such as this, the notice requirement
may well be the most crucial. To comply with due
process requirements, the notice 'must be given suffi-
ciently in advance of scheduled court proceedings so
that reasonable opportunity to prepare will be afforded'.
*In re Gault,* 387 US 1, 33; 87 S Ct 1428; 18 L Ed 2d 527
(1967)." *People v Gulley,* 66 Mich App 112, 116; 238
NW2d 421 (1975), *lv den* 396 Mich 850 (1976).

The notice of probation violation charges required
by MCL 771.4; MSA 28.1134 "must be served
sufficiently in advance of scheduled court proceed-
ings so that defendant has a reasonable opportu-
nity to prepare". *People v Radney,* 81 Mich App
303, 306; 265 NW2d 128 (1978), see also *People v
Gillman,* 71 Mich App 374; 248 NW2d 553 (1976).

The prosecution argues that a plea of guilty
waives all "nonjurisdictional" defects in the pro-
ceedings, including the defect of untimely notice.
This point of view was approved without discus-
sion by the majority in *People v Bell,* 67 Mich App
351; 241 NW2d 203 (1976), in which notice and
hearing occurred on the same day, and by Judge
WALSH, dissenting, in *People v Lawrence,* 90 Mich
App 73; 282 NW2d 247 (1979), in which notice and
hearing were practically simultaneous.

Dissenting in *Bell, supra,* Judge DANHOF wrote
regarding the count to which the defendant had
pled guilty:

"Under the circumstances of this case, it is difficult to
see how the defendant intelligently waived the notice
necessary to reasonably prepare for the hearing. He
was picked up by the police on the coat charge and
incarcerated for three weeks. Then, on March 10, 1975,
he obtained counsel, received notice of his violations,

and was brought before the trial court. Due process
requires adequate notice before any hearing is held
which has the consequences of the one in the present
case." 67 Mich App at 355.

The majority in *Lawrence, supra,* agreed with the
*Bell* dissent and wrote:

"Neither this Court nor the Supreme Court has found
it necessary to impose a check list of rights for proba-
tion revocations on the circuit courts. *People v Rial,* 399
Mich 431; 249 NW2d 114 (1976). We do not intend to do
so here. However, we are not required to affirm a
proceeding which appears unjust. The defendant did not
waive her right to timely notice of the charges by
admitting one of the violations on the facts presented
by this record. A lack of notice vitiated the voluntari-
ness and intelligence of the subsequent waivers of the
right to counsel and the right to a hearing." 90 Mich
App at 77-78.

A defendant's right to timely notice of the
charges upon which revocation of his probation is
sought is his guarantee of adequate time to pre-
pare to meet the charges. He may decide to contest
or admit them; either course requires substantial
reflection and preparation. It is not clear that a
guilty plea more effectively waives the right to
timely notice than does a hurried and ill-conceived
attempt to refute the accusations.

The order revoking the defendant's probation is
set aside and his sentence is vacated, without
prejudice to the prosecution's right to again seek
revocation after notice allowing the defendant ade-
quate opportunity to prepare his response to the
charges.

H. R. CARROLL, J., concurred.

V. J. BRENNAN, J. *(dissenting).* I must dissent. A

probation revocation hearing does not require the
preparation time that a trial must have.

The defendant is presented a notice of probation
violation which contains the various charges re-
sulting in the petition for revocation. The charges
are laid out very clearly. Either they pertain to
him or they don't. If they don't, then he has the
chance at the hearing to tell the court of the
inaccuracies of the charges.

If they are accurate there is nothing he can do
except request leniency. Here, the defendant had a
couple of hours to review the notice of probation
revocation. He told the court he wished to proceed
without a lawyer. The court conducted a hearing
and the defendant told the court he was guilty of
violating his probation and admitted to the various
violation incidents set forth on the notice.

Defendant had time to prepare for the hearing
after he was timely served with the notice. Defen-
dant expressly waived his right to have an attor-
ney present. A hearing was conducted and defen-
dant told the court emphatically that "All I want
to do is plead guilty".

I would affirm without remand.