PEOPLE v McNEIL

Docket No. 49717. Submitted December 11, 1980, at Lansing.—Decided February 18, 1981.

Earnest McNeil was convicted, on his plea of guilty, of assault with intent to commit sexual penetration, Genesee Circuit Court, Donald R. Freeman, J. He was placed on probation. Defendant was charged with violating his terms of probation and convicted, again on a plea of guilty. He was sentenced to prison and appeals. *Held:*

1. A sentencing court is not required, when sentencing a defendant to a term of probation, to apprise the defendant of the consequences of a probation violation. The court did not err in failing to warn the defendant that he could be sentenced to prison on the assault charge if he violated the terms of his probation.

2. A plea of guilty to a probation violation does not automatically waive defects in the notice charging the violation. However, the violations charged presented very simple factual issues requiring minimal time as far as gathering information relevant to determining the existence of a viable defense. There was no prejudice to defendant in being served with notice of the probation violation charges one day before the hearing on those charges.

3. The trial court did err in failing to read the violation charges to the defendant and in failing to insure that he understood them. On the record, it is not clear that defendant knew what he was pleading guilty to.

Reversed and remanded with instructions.

1. Criminal Law — Sentencing — Probation.

A sentencing court is not required, when sentencing a defendant to a term of probation, to apprise the defendant of the consequences of a probation violation.

References for Points in Headnotes

[1] 21 Am Jur 2d, Criminal Law §§ 562, 563, 567, 568.

[2-4] 21 Am Jur 2d, Criminal Law § 567.

Procedural requirements, under Federal Constitution, applicable to revocation of probation or parole. 36 L Ed 2d 1077.

2. CRIMINAL LAW — PROBATION REVOCATION — NOTICE — GUILTY
  PLEAS.

  A plea of guilty to a probation violation does not automatically
  waive defects in the notice charging the violation.

3. CRIMINAL LAW — PROBATION REVOCATION — RIGHTS OF ACCUSED.

  One accused of probation violation has the rights to counsel, to
  produce witnesses, to notice of the charges against him, and to
  an opportunity to explain away the charge filed against him;
  the defendant must understand the nature and object of the
  proceedings and be able to assist in his defense in a rational
  way.

4. CRIMINAL LAW — PROBATION REVOCATION — NOTICE.

  A trial court's decision to revoke probation cannot be based on
  conduct which is not charged in the notice of probation viola-
  tion.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Robert F. Weiss,*
Prosecuting Attorney, *Donald A. Kuebler,* Chief,
Appellate Division, and *Janice K. Rundles,* Assis-
tant Prosecuting Attorney, for the people.

*Peter M. Doerr,* for defendant on appeal.

Before: BRONSON, P.J., and J. H. GILLIS and C. L.
BOSMAN,* JJ.

PER CURIAM. Defendant was convicted, on his
plea of guilty, of assault with intent to commit
sexual penetration, MCL 750.520g; MSA 28.788(7),
on November 5, 1976. Delayed sentence of five
years probation was imposed on April 21, 1977. On
September 19, 1979, defendant was charged with
violating several terms of his probation. On Sep-
tember 20, 1979, defendant pled guilty to such
violations, and, on October 11, 1979, probation was
revoked and defendant was sentenced to six years,

---

* Circuit judge, sitting on the Court of Appeals by assignment.

eight months to ten years imprisonment. He appeals as of right.

I

Defendant's first claim of error asserts that the original sentence of probation was impermissibly vague because it did not inform defendant of the consequences of a probation violation. While this issue arises from defendant's original plea and sentence and thus might be considered improperly raised on appeal,[1] *People v Pickett,* 391 Mich 305, 316-318; 215 NW2d 695 (1974), it will be considered here because it relates to whether defendant's probation was lawfully terminated. *People v Robin Ford,* 95 Mich App 608, 610; 291 NW2d 140 (1980).

At the probation violation hearing, defendant was advised by the court that, if defendant was found to have violated his probation, he would be subject to a term of years in the state prison. Defendant stated that he understood and reiterated his desire to plead guilty. Thus, the issue on appeal is limited to whether defendant was fully apprised of the consequences of a violation when probation was imposed, not when it was revoked.

MCL 771.3; MSA 28.1133 sets forth the conditions of probation which must be included in any probation order. Nowhere among these conditions is there listed the statement that, if a defendant violates a term of probation, certain consequences will result. Further, we do not find such a requirement in *People v Sutton,* 322 Mich 104; 33 NW2d

---

[1] We note that defendant's claim of appeal, filed on or about February 4, 1980, references this Court to the November 5, 1976, guilty plea proceedings, and the April 21, 1977, sentence hearing. Neither event, standing alone, is properly within the scope of this appeal. *People v Pickett,* 391 Mich 305, 316-318; 215 NW2d 695 (1974).

681 (1948), which defendant cites in support of his argument.

In *Sutton,* the Court considered whether an order of probation was ambiguous as to the identity of the probation officer to whom defendant was to report and the amount of money defendant was to pay each month toward costs and fines. Concluding that the probation order was ambiguous in each regard, the Court never suggested that defendant was prejudiced because the order did not state the consequences of a probation violation. Thus, *Sutton* is inapplicable here.

We find no court rule or case which requires the advice which defendant found lacking in his probation order. Rather, we find MCL 771.4; MSA 28.1134, which states that probation may be revoked by the sentencing court because of a violation of probation and "the court may proceed to sentence such probationer in the same manner and to the same penalty as it might have done if such probation order had never been made". Finally, and as a practical matter, we believe that it would be most unusual for a defendant not to understand that, if he violates a term or condition of probation, the court could sentence him to any term of imprisonment to which he might have been sentenced upon his conviction of the underlying crime. See, *People v Rial,* 399 Mich 431, 437; 249 NW2d 114 (1976).

On the basis of all of these considerations, we find no error in the trial court's failure to warn defendant of the consequences of a probation violation.

## II

On September 19, 1979, defendant was served

with a warrant charging him with violations of three of the terms of his probation. The next day, on September 20, 1979, hearing was held on the charges and defendant pled guilty. Defendant now alleges that he did not have timely notice of the charges. Recognizing that there is a split of authority in this Court on the question whether a guilty plea waives notice defects in probation violation cases,[2] we are agreed that such defects are not automatically waived when a defendant pleads guilty. *People v Ojaniemi,* 93 Mich App 200, 204; 285 NW2d 816 (1979), *lv den* 408 Mich 904 (1980).

The warrant served on defendant on September 19, 1979, charged him with the following violations: (1) that "he shall fully cooperate in any community treatment program to which he is referred and not leave such program without the written authorization of the Probation Officer in that on May 23, 1978 he was instructed to attend Insight on a weekly basis and last attended August 24, 1979"; (2) that "[h]e violated special term that he pay Court Costs of $500.00 at $25.00 or more per month, commencing May 23, 1977 in that he has paid $60.00 and as of September 17, 1979 has a $440.00 arrearage and balance"; (3) that "[h]e violated special term that he pay Restitution of $99.00 at $10.00 or more per month in that he has paid $20.00 and as of September 17, 1979 has a $79.00 arrearage and balance".

As in *People v Broadnax,* 98 Mich App 338, 340; 296 NW2d 253 (1980), the violations charged in the within case presented very simple factual issues

---

[2] Compare, *People v Bell,* 67 Mich App 351; 241 NW2d 203 (1976), *lv den* 397 Mich 807 (1976), with *People v Lawrence,* 90 Mich App 73; 282 NW2d 247 (1979), *lv den* 407 Mich 851 (1979), *People v Ojaniemi,* 93 Mich App 200, 204; 285 NW2d 816 (1979), *lv den* 408 Mich 904 (1980), and *People v Broadnax,* 98 Mich App 338; 296 NW2d 253 (1980).

"requiring minimal time as far as gathering information relevant to determining the existence of a viable defense". Defendant herein knew whether he had violated the conditions noted on the warrant, and could, without much preparation, decide whether to plead guilty and present available mitigating circumstances to the court. This conclusion is not in conflict with *People v Bell,* 67 Mich App 351; 241 NW2d 203 (1976), *lv den* 397 Mich 807 (1976), where lack of timely notice was found with respect to shoplifting charges which defendant disputed. We likewise distinguish *People v Gulley,* 66 Mich App 112, 114; 238 NW2d 421 (1975), *lv den* 396 Mich 850 (1976), where defendant was charged with armed robbery, unlawfully appropriating a bus, and assaulting a police officer with the bus. In both *Bell* and *Gulley,* the charged violations could not properly be disputed without gathering witnesses and preparing a substantial defense. Such was not required here and we thus find no prejudice to defendant in the timing of the notice.

III

Defendant also asserts that the lower court erred in failing to read the charges to defendant and insure that defendant understood them. We agree.

In *People v Martin,* 61 Mich App 102, 107-108; 232 NW2d 191 (1975), *lv den* 395 Mich 803 (1975), this Court stated that:

"[i]t would be fundamentally unfair to require a revocation hearing and then not insure the safeguard that defendant understand the nature and object of the proceedings against him and that he is able to assist in his defense in a rational way."

At the instant probation violation hearing, the trial court asked defendant if he had received a copy of the "petition". The court then asked defendant "what position [he took] with respect to whether or not [he had] complied with the terms of probation" and "if [he was] admitting to, in fact, violating the terms of probation * * * in each one of the three particulars of violation". Without much more discussion, and no elucidation of the actual charges against defendant, the court found that defendant had violated the terms of his probation.

We are reluctant to find that the above procedure was sufficient to safeguard even the abbreviated rights accorded to a defendant charged with probation violations.[3] Proceeding from the transcript alone, it could easily be said that defendant believed that he was pleading guilty to something other than the violations charged in the warrant. Certainly, there would be no basis on which to dispute such a hypothetical assertion.[4]

On the facts of this case, we are persuaded that defendant's plea to the probation violations must be set aside and the case remanded for a new probation violation hearing at which the lower court shall insure that the record reflects defendant's clear understanding of the charges against him.[5] We also note that, while the court need not

[3] See, *People v Martin,* 61 Mich App 102, 107; 232 NW2d 191 (1975), lv den 395 Mich 803 (1975).

[4] A cursory reading of the November 5, 1976, guilty plea transcript reinforces this possibility, given that defendant mistakenly pled guilty to the charge which was to be dismissed under the plea agreement, and subsequently did not understand the meaning of at least twelve words or concepts which are traditionally part of the guilty plea proceeding. Indeed, the trial court noted on the record that his discussion of such words and concepts with the defendant took "close to an hour".

[5] This conclusion is not in conflict with the ruling on the timely notice issue. We believe that the timing of the notice and the hearing

necessarily elicit a factual basis for a guilty plea in a probation violation hearing, *People v Rial,* 399 Mich 431, 434; 249 NW2d 114 (1976), a finding that a defendant has violated the terms of his probation may not be based on misconduct other than that charged in the notice of violation. *People v Givens,* 82 Mich App 336, 340; 266 NW2d 815 (1978).

## IV

Defendant's final assertion of error is that the lower court erroneously believed that defendant had a prior offense and that such misinformation was improperly considered at sentencing. The transcript of the sentence hearing reveals that the judge did believe defendant to be a second offender, and yet the original guilty plea transcript contains the prosecutor's statement that defendant had no prior convictions. On remand, if defendant's plea to probation violations is again tendered and accepted, the trial court should insure that defendant's sentence is not tainted by consideration of inaccurate information.

Reversed and remanded for proceedings consistent with this opinion.

were not per se prejudicial to defendant, because the violations were clearly set forth on the notice and presented simple factual issues. However, the only means by which an appellate court may ensure that no prejudice resulted is by reviewing the record, and the record in this case is devoid of any proof at all that defendant understood the charges against him and intended to plead guilty thereto.