PEOPLE v MILLER

1. ARREST—EXECUTION OF WARRANT—PROBATION VIOLATION—DUE
    DILIGENCE.

    An arrest warrant for an alleged probation violation must be
    executed with due diligence; failure on the part of the authori-
    ties to proceed with due diligence results in a waiver of the
    violation.

2. CRIMINAL LAW—PROBATION REVOCATION—DELAY—DUE DILIGENCE.

    A delay of five months between issuance of a notice of probation
    violation and the probation revocation hearing does not consti-
    tute a lack of due diligence on the part of the authorities where
    the delay is attributable to the defendant or is for his benefit.

3. CRIMINAL LAW—PROBATION VIOLATION—DUE DILIGENCE—FACTORS
    CONSIDERED.

    Those factors to be considered when ascertaining whether the
    authorities acted with due diligence between an incident in
    which a defendant allegedly violated probation and the issuing
    of the notice of probation violation are: the length of the delay,
    the reason for the delay, and the prejudice to the defendant.

4. CRIMINAL LAW—PROBATION REVOCATION—DELAY OF PROCEEDINGS.

    A delay of proceedings on a probation violation based on the
    commission of a crime until after the probable cause hearing
    for that new crime is reasonable, to the defendant's benefit, and
    does not indicate a lack of due diligence on the part of the
    authorities, where the defendant was free on bond during the
    entire period and alleges no prejudice from the delay.

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Arrest §§ 7–9, 12–14, 16, 17.
[2–7] 21 Am Jur 2d, Criminal Law §§ 567, 568.
    Right to notice and hearing before revocation of suspension of
    sentence, parole, conditional pardon, or probation. 29 ALR2d
    1074.
    Procedural requirements, under Federal Constitution, applicable to
    revocation of probation or parole. 36 L Ed 2d 1077.

5. CRIMINAL LAW—PROBATION REVOCATION—SINGLE HEARING—DUE
PROCESS.

The Michigan procedure of holding a single hearing in a proba-
tion revocation matter, with no separate preliminary probable
cause hearing on the probation violation being held, satisfies
due process requirements where the revocation hearing is held
sufficiently close in time to the notice of probation violation; no
due process violation occurred where a defendant's probation
violation hearing was scheduled close in time to the issuance of
the notice, but delayed solely by adjournments requested by
defense counsel, and where the defendant alleges no prejudice
as a result of the delay.

6. CRIMINAL LAW—PROBATION REVOCATION—STANDARD OF PROOF—
PREPONDERANCE OF EVIDENCE.

The standard of proof to be applied in a probation revocation
hearing is that the violation of probation need only be shown
by a preponderance of the evidence.

7. CRIMINAL LAW—PROBATION REVOCATION—EVIDENCE—VIOLATION OF
PROBATION.

A trial court did not err reversibly in a probation revocation
hearing by cutting off defense counsel's cross-examination of a
witness concerning heroin found on a defendant's premises,
where there was other evidence to support a finding by the
preponderance of the evidence that the defendant had pos-
sessed narcotics paraphernalia and thereby violated his proba-
tion order.

Appeal from Recorder's Court of Detroit, Joseph
A. Gillis, J. Submitted June 13, 1977, at Detroit.
(Docket No. 28814.) Decided August 9, 1977.

Buford Miller, on his plea of guilty, was con-
victed of attempted receiving and concealing stolen
property over the value of $100, and placed on
probation. Probation was subsequently revoked,
and defendant sentenced to prison. Defendant ap-
peals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Edward R. Wilson,* Re-

search, Training and Appeals, and *Robert A. Reuther,* Assistant Prosecuting Attorney, for the people.

*Lawrence B. MacDonald,* for defendant.

Before: R. M. MAHER, P. J., and N. J. KAUFMAN and F. J. BORCHARD,* JJ.

PER CURIAM. On November 29, 1974, defendant was placed on 2 years probation after pleading guilty to attempted receiving and concealing stolen property over the value of $100. MCLA 750.535, MCLA 750.92; MSA 28.803, MSA 28.287. On March 6, 1975, the police executed an authorized search warrant at 2557 Fairview in Detroit where they found defendant and confiscated certain items. As a result of this search, on April 24, 1975, a warrant was issued for defendant's arrest for violation of the controlled substances act. At the arraignment on this charge on June 10, 1975, a preliminary exam was set for June 18, 1975.

A notice of probation violation and warrant were issued on June 17, 1975. At the June 19, 1975 arraignment on this warrant, a probation revocation hearing was set for June 25, 1975. Between June 19 and November 7, 1975, defense counsel was granted two continuances. On November 7, 1975, when the hearing was finally held, the court found defendant had violated the terms of his probation and revoked it. Defendant was then sentenced to 1-1/2 to 2-1/2 years in prison on the original attempted receiving and concealing stolen property conviction. Defendant appeals from the order revoking his probation. We affirm.

Three issues are raised on appeal. Defendant

* Circuit judge, sitting on the Court of Appeals by assignment.

first contends that the delay between the incident violating probation, the notice of violation and the hearing constituted a denial of due process since the authorities failed to act with "due diligence". The event violating probation occurred March 6, 1975; the notice of probation violation and warrant were issued on June 17, 1975; and the revocation hearing took place on November 7, 1975.

This Court has held that a warrant for an alleged probation violation must be executed with due diligence and that failure on the part of the authorities to proceed with due diligence results in a waiver of the violation. *People v Henry,* 66 Mich App 394; 239 NW2d 384 (1976), *People v Diamond,* 59 Mich App 581; 229 NW2d 857 (1975). In the instant case, we cannot find a lack of due diligence on the part of the authorities.

The 5-month delay between the notice of probation violation on June 17 and the revocation hearing on November 7 was attributable to defendant or was for his benefit. This undermines the validity of defendant's claim as to lack of due diligence during the 5-month period. *People v Collins,* 388 Mich 680; 202 NW2d 769 (1972), *People v Butcher,* 46 Mich App 40; 207 NW2d 430 (1973).

To ascertain whether the authorities exercised due diligence between the incident allegedly violating probation and the issuing of the probation violation notice, we consider it appropriate to refer to the guidelines established by our Supreme Court in the speedy trial cases. In *People v Collins, supra,* the Court cited the factors to be taken into account in deciding whether a defendant has been deprived of his right to a speedy trial, three of which are relevant here: length of delay, reason for delay and prejudice to the defendant.

The delay from the date of the incident to

arraignment on the probation violation notice was 3-1/2 months. This Court has, in various circumstances, approved delays of from 6 months, *People v Henry, supra,* to 3 years, *People v Diamond,* 70 Mich App 512; 245 NW2d 809 (1976). Because the warrant in the narcotics case was not issued until April 24, 1975 and the preliminary examination thereon set for June 18, 1975, it was not unreasonable to wait to issue the probation violation notice until June 17. Delaying the proceedings on the probation violation, which was based on the commission of another crime, until after the probable cause hearing for the other crime was not only reasonable but to defendant's benefit. Defendant alleges no prejudice from the delay. He was free on bond during the entire period. We are unable to conclude that the authorities did not exercise due diligence.

Defendant's second assertion is that he was denied due process because he did not receive a preliminary probable cause hearing in the matter of his probation revocation. The due process standards of *Morrissey v Brewer,* 408 US 471; 92 S Ct 2593; 33 L Ed 2d 484 (1972), and *Gagnon v Scarpelli,* 411 US 778; 93 S Ct 1756; 36 L Ed 2d 656 (1973), are satisfied by Michigan's single revocation hearing procedure if that hearing is held sufficiently close in time to the notice of probation violation. *People v Blakely,* 62 Mich App 250; 233 NW2d 523 (1975), *People v Leroy Jackson, Jr.,* 63 Mich App 241; 234 NW2d 467 (1975), *People v Hardenbrook,* 68 Mich App 640; 243 NW2d 705 (1976). Defendant's hearing, as originally scheduled, was sufficiently close in time to comport with due process standards. Subsequent delays were due solely to adjournments requested by defense counsel.

In addition, since defendant was free on bond and alleges no prejudice as a result of the delay, we find no due process violation. *Cf. United States v Sciuto,* 531 F2d 842 (CA 7, 1976), and *Callison v Department of Corrections,* 56 Mich App 260; 223 NW2d 738 (1974).

Finally, this Court observed in *People v Leroy Jackson, Jr., supra,* that several jurisdictions have held there are certain situations in which a preliminary hearing for probation revocation need not be held although due process standards will still be met. 63 Mich App at 245–246, fn 7. One of these situations occurs when the conduct which constitutes a prima facie probation violation is also an independently charged new felony. The procedures afforded through the holding of a probable cause hearing on the new felony could have been merged with the preliminary revocation hearing to satisfy the due process requirements of *Morrissey* and *Gagnon,* had the defendant been given appropriate notice of the nature and effect of a hearing intended to serve this dual purpose. See *People v Gladdis,* 77 Mich App 91; 257 NW2d 749 (1977), *In re Law,* 10 Cal 3d 21; 109 Cal Rptr 573; 513 P2d 621 (1973).

Defendant's last claim of error is that there were not sufficient verified facts presented at his probation revocation hearing from which the court could find that he had violated his probation order. The notice of probation violation issued June 17, 1975, stated:

"3. That the conditions of probation were as follows:
"(1) Probationer shall not violate any criminal law of the State of Michigan or any ordinance of any municipality of the State.

\* \* \*

"4. That BUFORD MILLER has violated the terms of his probation as follows:

"Defendant has been arrested on a charge of V.C.S.A. —Docket #75-03056; Examination will be 6-18-75. On 3-6-75 Wayne County Metropolitan Narcotics officers executed a search warrant at 2557 Fairview. This premise is occupied by the defendant, Buford Miller. Found in the private residence was defendant Miller, as well as narcotics paraphernalia and narcotics."

In a probation revocation hearing the standard of proof to be applied is a preponderance of the evidence. *People v Billy Williams,* 66 Mich App 67; 238 NW2d 407 (1975). At the hearing on November 7, 1975, the court made a finding of possession of narcotics paraphernalia. Possession of narcotics paraphernalia is a violation of a Detroit ordinance, Detroit Municipal Code, § 28-8-1, of which this Court takes judicial notice. The evidence at the hearing included testimony from one of the officers who executed the search warrant, as well as pictures of the paraphernalia, including a heat sealing device, two plastic bags, narcotics records, straws, guns and lactose mix. The officer testified, in accord with the informal procedures of a probation revocation hearing, that defendant had stated that a briefcase which contained much of the narcotics paraphernalia belonged to him; that confiscated bills and papers disclosed that defendant lived on the premises; and that defendant's father had said defendant lived there.

There is difficulty with the officer's testimony as to the amount of heroin found on the premises in light of the subsequent motion for dismissal of the controlled substances charge which stated that the amount of heroin found was .04 grams, not .4 grams as the officer testified at the hearing. This difficulty is compounded by the action of the trial

court in cutting off defense counsel's cross-examination of the officer concerning heroin found on the premises.

However, any error committed by the trial court in this matter is not reversible. Based on the other evidence presented at the hearing, we conclude that there was sufficient support for the trial judge to find by a preponderance of the evidence that the items found were narcotics paraphernalia which belonged to defendant and that because of such possession he had violated his probation order.

Affirmed.