PEOPLE v BROADNAX

Docket No. 46297. Submitted April 3, 1980, at Lansing.—Decided
June 17, 1980.

Earnest Broadnax pled guilty to possession of heroin and was
sentenced to three years probation, which he violated when he
failed to report to his probation officer. One day after his
arraignment for probation violation, a hearing was held at
which he pled guilty to the violation. Recorder's Court of
Detroit, Evelyn K. Cooper, J., imposed a sentence of 2-2/3 to 4
years imprisonment. Defendant appeals, claiming insufficient
notice of the probation violation hearing. *Held:*

The charged violation of probation presents a very simple
factual issue requiring minimal time to prepare a defense. Mr.
Broadnax, after discussing the allegations with counsel, know-
ingly and voluntarily waived his right to a contested hearing.

Affirmed.

1. NOTICE — REVOCATION OF PROBATION — PREPARATION OF DEFENSE
— RIGHTS — CRIMINAL LAW.

Timely notice of charges upon which revocation of probation is
sought is a defendant's right and is his guarantee of adequate
time for substantial reflection and preparation to meet the
charges.

2. CRIMINAL LAW — GUILTY PLEA — KNOWING AND VOLUNTARY
WAIVER — PROBATION VIOLATION.

A plea of guilty to a probation violation charge which waives a
right to a contested hearing is knowingly and voluntarily made
where a defendant fully understands the allegations and has an
opportunity to discuss them with counsel, even though he has
only one day to make his decision.

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 568.
Right to notice and hearing before revocation of suspension of
sentence, parole, conditional pardon, or probation. 29 ALR2d
1034.

[2] 21 Am Jur 2d, Criminal Law §§ 485, 567, 568.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Principal Attorney, Appeals, and *Frank J. Bernacki,* Assistant Prosecuting Attorney, for the people.

*James H. Daniel,* for defendant.

Before: BASHARA, P.J., and M. J. KELLY and D. R. FREEMAN,* JJ.

PER CURIAM. Defendant pled guilty to possession of heroin contrary to MCL 335.341(4)(a); MSA 18.1070(4)(a) and was sentenced to a term of three years probation. On April 17, 1979, a warrant was issued against the defendant for violation of probation for failure to report to his probation officer. Defendant was arraigned on April 22, 1979, and at the hearing the following day defendant pled guilty to the charge of probation violation. The trial court imposed sentence of 2-2/3 to 4 years imprisonment. Defendant appeals as of right claiming insufficient notice of the probation violation hearing.

As a general rule, a guilty plea waives all nonjurisdictional defects; however, there is currently a split of authority on this Court as to whether a plea of guilty to a probation violation charge waives a claim of inadequate notice. Compare *People v Bell,* 67 Mich App 351; 241 NW2d 203 (1976), *lv den* 397 Mich 807 (1976), with *People v Lawrence,* 90 Mich App 73; 282 NW2d 247 (1979), *lv den* 407 Mich 851 (1979), and *People v Ojaniemi,* 93 Mich App 200, 204; 285 NW2d 816 (1979), where the *Ojaniemi* Court expressed the following concern:

---

* Circuit judge, sitting on the Court of Appeals by assignment.

"A defendant's right to timely notice of the charges upon which revocation of his probation is sought is his guarantee of adequate time to prepare to meet the charges. He may decide to contest or admit them; either course requires substantial reflection and preparation. It is not clear that a guilty plea more effectively waives the right to timely notice than does a hurried and ill-conceived attempt to refute the accusations."

This Court must consider whether, given such a brief period—one day—to consider the wisdom of offering a plea, defendant may be said to have knowingly and voluntarily waived his right to a contested hearing on the charge and the right to timely notice. We are convinced, on the facts of this case, that the waivers were knowing and voluntary. The charged violation of probation, failure to report, presents a very simple factual issue requiring minimal time as far as gathering information relevant to determining the existence of a viable defense. The record of the guilty plea proceeding indicates that defendant fully understood the allegations in the warrant, had an opportunity to discuss them with appointed counsel who also represented him on the original possession charge, and offered his plea in recognition of the fact that he had absolutely no defense.

Affirmed.