PEOPLE v DUNCAN

Docket No. 90040. Submitted July 30, 1986, at Detroit. Decided September 9, 1986.

Darnell Duncan pled guilty in Detroit Recorder's Court to a charge of assault with intent to commit murder. He was given credit for time served and ordered to serve five years probation. Duncan was subsequently arrested and served with a notice of violating his probation for failing to report. He was arraigned and had counsel appointed that same day. The following day he pled guilty to violating his probation and was thereafter sentenced to a term of from twelve to twenty years in prison, Warfield Moore, Jr., J. Defendant appealed.

The Court of Appeals *held:*

Defendant received adequate notice of the probation violation hearing.

Affirmed.

CRIMINAL LAW — VIOLATION OF PROBATION — ARRAIGNMENT — GUILTY PLEAS.

A probationer may plead guilty to a charge of probation violation at arraignment on that charge, and notice of one day or less is adequate notice of the probation violation hearing if the probationer has the opportunity to meet with counsel and the court advises him of a right to a hearing to contest the charges.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of the Criminal Division, Research, Training and Appeals, and *Jerome O'Connor,* Assistant Prosecuting Attorney, for the people.

*Gerald M. Lorence,* for defendant on appeal.

REFERENCES

Am Jur 2d, Criminal Law §§ 477, 567-579.

Right to assistance of counsel at proceedings to revoke probation. 44 ALR3d 306.

Before: SULLIVAN, P.J., and ALLEN and J. T. KALLMAN,* JJ.

PER CURIAM. On January 19, 1981, defendant pleaded guilty to assault with intent to commit murder, MCL 750.83; MSA 28.278. The defendant was given credit for time served and ordered to serve five years probation. On December 13, 1983, the defendant was arrested and served with a notice of violating his probation for failing to report. Later that day, the defendant was arraigned and had counsel appointed. The assigned attorney discussed the case with the defendant that day. On December 14, 1983, the next day, the defendant pleaded guilty to violating his probation. Defendant was thereafter sentenced to a prison term of from twelve to twenty years and appeals as of right. We affirm.

The only issue raised on appeal is whether the defendant received inadequate notice of the probation violation hearing. There is a split of authority in this Court on the question of whether or not a guilty plea waives notice defects in probation violation cases. *People v McNeil,* 104 Mich App 24, 28; 303 NW2d 920 (1981). Even assuming that a guilty plea does not waive the notice issue, this Court finds the defendant's arguments unpersuasive.

On occasion, panels of this Court have found notice of a probation revocation hearing of one day or less insufficient and a violation of due process. See, e.g., *People v Gulley,* 66 Mich App 112; 238 NW2d 421 (1975), lv den 396 Mich 850 (1976); *People v Bell,* 67 Mich App 351; 241 NW2d 203 (1976), lv den 397 Mich 807 (1976); *People v Lawrence,* 90 Mich App 73; 282 NW2d 247 (1979), lv den 407 Mich 851 (1979); *People v Ojaniemi,* 93

* Circuit judge, sitting on the Court of Appeals by assignment.

Mich App 200; 285 NW2d 816 (1979), lv den 408 Mich 904 (1980).

On other occasions, panels of this Court have found that one day's notice of a probation revocation hearing was adequate. *People v Broadnax,* 98 Mich App 338; 296 NW2d 253 (1980); *People v McNeil, supra.*

We find the holding of *Broadnax* controlling here. The charge in this case, as in *Broadnax,* was a failure to report. As in *Broadnax,* this case presents a simple factual issue requiring minimal time for the defendant to gather information relevant to determining the existence of a viable defense. In contrast, in *Bell* and *Gulley* the charged violations could not be properly disputed without gathering witnesses and preparing a substantial defense. *People v McNeil, supra,* p 29. Unlike the instant case, *Ojaniemi* and *Lawrence* both involved situations where a defendant waived the assistance of counsel and pleaded guilty to a probation violation the same day he received notice of the charged violations. We are also cognizant of the fact that MCR 6.111(E)(1) now specifically provides that a defendant may plead guilty at his arraignment on a probation violation charge.

In this case, the defendant met with appointed counsel the day before he pleaded guilty and again the next day when he pleaded guilty. The trial court advised the defendant of a right to a hearing to contest the charges. The defendant, having been advised of that right, knowingly chose to plead guilty. There is no basis here on which to set aside that plea. Accordingly, the decision of the lower court is affirmed.

Affirmed.