‡  PEOPLE v HANSON

Docket No. 109340. Submitted April 19, 1989, at Detroit. Decided July 17, 1989.

Gregory B. Hanson pled guilty in Detroit Recorder's Court to a charge of probation violation for failing to report to his probation officer on a monthly basis as required by the order of probation imposed upon his conviction of malicious destruction of property worth more than $100. Defendant was sentenced to one to four years imprisonment, Lawrence D. Silverman, J. Defendant appealed, contending that his plea should be vacated and the charge dismissed because the police did not act with due diligence in executing the bench warrant charging him with the violation and because he received notice of the violation only one day before tendering his plea.

The Court of Appeals *held:*

1. A guilty plea does not operate to waive a defendant's claims which implicate the very authority of the state to bring him to trial.

2. There is insufficient information in the record upon which to review defendant's claim that the police did not act with due diligence in executing the bench warrant charging him with the violation. The matter is remanded to the trial court for development of an adequate factual record and for a decision in the first instance on whether the authorities acted with due diligence in executing the warrant charging defendant with probation violation. If the court determines that due diligence was exercised, defendant's conviction and sentence are to be affirmed. If due diligence was not exercised, the violation will be deemed to have been waived and defendant's conviction and sentence are to be vacated and the charge dismissed. Jurisdiction will be retained to review the propriety of the trial court's decision.

3. Defendant's argument that the conviction must be vacated

REFERENCES

Am Jur 2d, Criminal Law §§ 339, 351, 469, 826.

See the Index to Annotations under Bench Warrant; Estoppel and Waiver; Guilty Plea; Notice and Knowledge; Warrants.

because he received only one day's notice of the probation violation charge is without merit.

Remanded for an evidentiary hearing to determine whether the authorities acted with due diligence in attempting to execute the bench warrant on defendant. Jurisdiction is retained on that issue only.

REILLY, J., concurred in the result but wrote separately to state her rejection of Judge MAHER's statement in the majority opinion that a twenty-seven-week delay was unreasonable on its face. She would leave the determination of the reasonableness of the delay to the factfinder.

DOCTOROFF, P.J., dissented. He would hold that defendant waived his right to raise on appeal the issue whether he was entitled to waiver of the charge against him because of the twenty-seven-week delay between the issuance of the warrant and its execution. Furthermore, even if waiver was not an issue, he would not remand this case for an evidentiary hearing to determine whether due diligence was exercised. He agrees with Judge Reilly that a twenty-seven-week delay should not be considered unreasonable on its face. Further, he states that defendant suffered no prejudice due to the delay and that the delay was reasonable considering the workload of the police in dealing with outstanding felony warrants and the desirability of having the police give priority to locating those offenders who have committed violent felonies rather than those who have committed minor probation violations. He would affirm.

1. CRIMINAL LAW — GUILTY PLEAS — JURISDICTIONAL CLAIMS — WAIVER.

A guilty plea does not operate to waive a defendant's claims that police did not act with due diligence in executing a bench warrant charging him with probation violation and that he received notice of the violation only one day before tendering his plea; these claims implicate the very authority of the state to bring him to trial.

2. CRIMINAL LAW — WARRANTS — DELAY IN EXECUTION — WAIVER OF JURISDICTION.

Jurisdiction to try a case is not lost because of delay in executing an arrest warrant where the authorities act with due diligence in attempting to execute the warrant.

3. CRIMINAL LAW — PROBATION VIOLATIONS — NOTICE — GUILTY PLEAS.

Reversal of a defendant's conviction for probation violation because he was given only one day's notice of the violation before

tendering his guilty plea is not required where he was repre-
sented by counsel, the basis of the charge was factually very
simple, and the defendant tendered his plea knowingly, under-
standingly, and voluntarily.

*Frank J. Kelley,* Attorney General, *Louis J.
Caruso,* Solicitor General, *John D. O'Hair,* Prose-
cuting Attorney, *Timothy A. Baughman,* Chief of
Research, Training and Appeals, and *Ernest O.
Hornung,* Assistant Prosecuting Attorney, for the
people.

State Appellate Defender (by *Kim Robert Faw-
cett*), for defendant on appeal.

Before: DOCTOROFF, P.J., and MAHER and REILLY,
JJ.

MAHER, J. On February 17, 1988, defendant pled
guilty in the Detroit Recorder's Court to probation
violation, MCL 771.4; MSA 28.1134, for failing to
report to his probation officer on a monthly basis
as required by the order of probation imposed
upon his conviction of malicious destruction of
property worth over $100. After being sentenced to
one to four years imprisonment, he filed this ap-
peal as of right, claiming that his plea should be
vacated and the charge dismissed because (i) the
police did not act with due diligence in executing
the bench warrant charging him with the violation
and (ii) he received notice of the violation only one
day before tendering his plea.

Before discussing the merits of defendant's
claims, it must be noted that he did not raise the
objections below. I believe, though, that defen-
dant's claims implicate the very authority of the
state to bring him to trial. *People v New,* 427 Mich
482, 491; 398 NW2d 358 (1986). Much like alleged
violations of the "180-day rule" then, a guilty plea

should not operate to waive the claims. See *People v Sickles,* 162 Mich App 344, 350-351; 412 NW2d 734 (1987), lv den 429 Mich 898 (1988); *People v Wolak,* 153 Mich App 60, 69; 395 NW2d 240 (1986). But see *People v Rivera,* 164 Mich App 670, 671-673; 417 NW2d 569 (1987).

As to defendant's first claim, I would hold that the twenty-seven-week period between the issuance of the bench warrant (on July 27, 1987) and its execution (on February 16, 1988) was unreasonable on its face. See *People v Gunner,* 61 Mich App 569, 570; 233 NW2d 87 (1975), lv den 396 Mich 842 (1976); *People v Diamond,* 59 Mich App 581, 586-587; 229 NW2d 857 (1975), lv den 394 Mich 824 (1975). However, jurisdiction to try the case is not lost if the authorities acted with due diligence in attempting to execute the warrant. *People v Miller,* 77 Mich App 381, 384; 258 NW2d 235 (1977).

Unfortunately, there is insufficient information in the record upon which to review this claim. We therefore remand the matter to the trial court for development of an adequate factual record and for a decision in the first instance on whether the authorities acted with due diligence in executing the warrant which charged defendant with the probation violation. If the trial court determines that the warrant was executed with due diligence, defendant's conviction and sentence are to be affirmed. If the authorities did not act with due diligence, they shall be deemed to have waived the violation *(Miller, supra)* and defendant's conviction and sentence are to be vacated and the instant charge dismissed. Jurisdiction will be retained to review the propriety of the trial court's decision in this regard.

Defendant's next argument (i.e., that the conviction must be vacated because he received only one

day's notice of the probation violation charge) is without merit. Not only was defendant represented by counsel, but the basis of the charged violation was factually very simple (thus requiring little time to determine the existence of any viable defense). *People v Duncan,* 154 Mich App 652; 397 NW2d 857 (1986). Having reviewed the transcript of defendant's plea hearing, we are convinced that he tendered the plea knowingly, understandingly, and voluntarily. Thus, reversal is not required because of the short notice.

Remanded for an evidentiary hearing to determine whether the authorities acted with due diligence in attempting to execute the bench warrant on defendant. Jurisdiction is retained on that issue only.

REILLY, J. *(concurring in the result only).* I concur with the results reached by Judge MAHER on both issues. However, because of a split of opinion on this Court with respect to the first issue, I believe additional comments are appropriate.

Defendant's guilty plea does not operate to waive his claim that the police did not act with due diligence in executing the bench warrant charging him with violation of probation because such a claim contests the authority of the state to prosecute. In *People v New,* 427 Mich 482; 398 NW2d 358 (1986), the Supreme Court set aside its dictum in *People v Alvin Johnson,* 396 Mich 424; 240 NW2d 729 (1976), cert den 429 US 951; 97 S Ct 370; 50 L Ed 2d 319 (1976), and dictated a new test to be applied to distinguish between those rights or defenses which are waived by a plea of guilty and those which may be asserted despite a guilty plea.

Today, we hold that a defendant, after pleading

guilty, may raise on appeal only those defenses and rights which would preclude the state from obtaining a valid conviction against the defendant. Such rights and defenses "reach beyond the factual determination of defendant's guilt and implicate the very *authority* of the state to bring a defendant to trial . . . ." [*People v*] *White,* 411 Mich [366] 398 [308 NW2d 128 (1981)] . . . . In such cases, the state has no legitimate interest in securing a conviction. On the other hand, where the defense or right asserted by defendant relates solely to the capacity of the state to prove defendant's factual guilt, it is subsumed by defendant's guilty plea.

\* \* \*

In summary, . . . a criminal defendant may appeal from an unconditional guilty plea . . . only where the claim on appeal implicates the very authority of the state to bring the defendant to trial, that is, where the right of the government to prosecute the defendant is challenged. Such rights are never waived by a plea of guilty or nolo contendere. [427 Mich 491, 495-496.]

Such a challenge is made in this case because defendant claims that if due diligence was not exercised, the probation violation should have been waived and the court should have lost jurisdiction. *People v Miller,* 77 Mich App 381; 258 NW2d 235 (1977).

I recognize that there is a split on this Court as to the effect of a guilty plea on a defendant's claim on appeal that there was a denial of the right to a speedy trial because of the prosecutor's lack of due diligence. Those cases deal with a claim similar to the one posed by the facts of this case. The panels which would hold that a guilty plea waives the right to a speedy trial have, without discussion, cited various federal cases in support of their position. See *People v Rivera,* 164 Mich App 670;

417 NW2d 569 (1987); *People v Parshay,* 104 Mich App 411; 304 NW2d 593 (1981), lv den 411 Mich 1081 (1981).

I have reviewed the cited federal cases and the earlier cases upon which they rely. The rationale which supports the position that a "speedy trial" or "due diligence" right is always "waived" by a guilty plea was provided by Judge Learned Hand in *United States v Parrino,* 203 F2d 284 (CA 2, 1953). In that case the court ruled that a habeas corpus motion to vacate sentence was not the proper remedy when the defendant was claiming on appeal that his guilty plea should be set aside because of his statute of limitations defense. The court explained that prior to the enactment of FRCP 12(a), an accused person could assert the statute of limitations to avoid prosecution by either a "special plea" in response to an indictment or by presenting evidence "under the general issue." However, Rule 12(a) abolished all defensive pleadings except "not guilty" and provided that defenses which previously had been raised by demurrer must be raised only by a motion to dismiss. In his opinion, Judge Hand reasoned that because the statute of limitations could not be raised by demurrer under the old practice, it could not, under Rule 12(a), be raised by a motion to dismiss. That being so, it must be raised by a plea of "not guilty." Recognizing the procedural aspects of the situation, the court determined:

> [I]f the plea stands, the defence of the Statute of Limitations is out of the case, and the only question open is whether Parrino shall be allowed to withdraw it. *Id.* at 287.

The court emphasized that it was not ruling on Parrino's right to withdraw his plea under Rule 32(d), based upon a claim of manifest injustice.

None of the federal cases reviewed dealt with the underlying substantive issue relating to the authority of the state to prosecute the case or the fact that a plea of guilty does not directly address the right of the government to proceed. Nor did any of the cases reviewed suggest any basis for a determination by this Court that the test enunciated in *People v New* should not be applicable in this case. I therefore concur that *People v New* is the controlling law on this issue.

I also agree that this case must be remanded for an evidentiary hearing to determine whether due diligence was exercised and what prejudice to defendant, if any, occurred, using the guidelines recognized in *People v Miller, supra.* However, I reject Judge MAHER's statement that the twenty-seven-week delay was "unreasonable on its face." Considering the nature of the charge made here, and recognizing the tremendous workload being handled by the various law enforcement agencies involved, I would not make any presumption as to the question of reasonableness, but would leave such determination to the factfinder.

DOCTOROFF, P.J. *(dissenting).* I respectfully dissent. In *People v Rivera,* 164 Mich App 670; 417 NW2d 569 (1987), the panel rejected the claim that *People v New,* 427 Mich 482; 398 NW2d 358 (1986), resolved the issue of whether a plea of guilty or nolo contendere waives a speedy trial issue. Relying upon *People v Parshay,* 104 Mich App 411; 304 NW2d 593 (1981), lv den 411 Mich 1081 (1981), *People v Williams,* 145 Mich App 614; 378 NW2d 769 (1985), *United States v Freed,* 688 F2d 24 (CA 6, 1982), and *United States v Lee,* 500 F2d 586 (CA 8, 1974), cert den 419 US 1003; 95 S Ct 322; 42 L Ed 2d 279 (1974), we held that a speedy trial claim is nonjurisdictional and, thus,

waived by a defendant's plea of guilty or nolo contendere. *Rivera,* p 673. I would hold that, by his plea of guilty, defendant has waived his right to raise this issue in this Court.

Assuming, arguendo, that waiver was not an issue, I do not agree that this case should be remanded for an evidentiary hearing to determine whether due diligence was exercised. First, I agree with the concurrence by Judge REILLY that a twenty-seven-week delay should not be considered "unreasonable on its face." Second, it is clear that defendant suffered no prejudice by the delay between the issuance of the bench warrant and its execution. *People v Phillips,* 109 Mich App 535, 540; 311 NW2d 301 (1981). Indeed, the delay inured to his benefit. Defendant was not incarcerated and he continued to carry on his life without incident or interruption during this period. On appeal, defendant admits that he was living at home and working in the area and makes no claim of prejudice.

Finally, according to information from the Michigan State Police, in May, 1989, there were over 24,000 outstanding felony warrants entered in LEIN. Of these, over 18,000 represented probation and parole violations. Many were for such crimes as homicide, kidnapping, criminal sexual conduct, and armed robbery. There were similar numbers of outstanding warrants in the LEIN system when defendant's warrant was issued. The primary goal of the police is to identify and apprehend persons wanted for violent felonies. Priority is given to those persons who have a high probability of committing future violent acts.

In this case, a bench warrant was issued against defendant for failure to report to his probation officer on a monthly basis as required by the order of probation imposed upon his conviction of mali-

cious destruction of property worth over $100. Given the almost impossible task which the police have to attempt to locate the over 24,000 outstanding felony offenders and those persons who have committed serious parole and probation violations and considering the nature of defendant's violation, I would require no more of the police than that which was done in this case. It would be the height of folly to require from the police the same amount of effort to locate persons who have committed minor probation violations as they expend in their search for outstanding felony offenders who are dangerous to the community.

I would affirm.