# Order

**Michigan Supreme Court**
**Lansing, Michigan**

March 9, 2007

131583

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

KUMANI K. REGAINS,
      Defendant-Appellant.

_____/

SC: 131583
COA: 269205
Oakland CC: 1995-142121-FH,
 1995-142122-FH, 1995-142123-FH,
 1995-142124-FH, 1995-142125-FH,
 1995-142126-FH

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

On order of the Court, the application for leave to appeal the May 12, 2006 order of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

CORRIGAN, J., concurs and states as follows:

I concur with the order denying leave to appeal. I write separately to point out that by unconditionally pleading guilty to the charge of probation violation, defendant waived any claim that the police did not diligently arrest him for that violation.[1]

---

[1] In *People v Ortman*, 209 Mich App 251, 254 (1995), the Court of Appeals explained the origins of the "due diligence" rule:

> In *People v Diamond*, 59 Mich App 581, 587; 229 NW2d 857 (1975), this Court first announced the rule that once a warrant for probation violation has been issued, the probation authorities must exercise due diligence in executing it. If there is a determination that the probation authorities did not act with reasonable dispatch under all the circumstances, then there is a waiver of the probation violation. *Id.*, p 588. This rule has been consistently followed by this Court. *People v Gunner*, 61 Mich App 569, 570; 233 NW2d 87 (1975); *People v Henry*, 66 Mich App 394, 397; 239 NW2d 384 (1976); *People v Miller*, 77 Mich App 381, 384; 258 NW2d 235 (1977); *People v Hanson*, 178 Mich App 507, 510; 444 NW2d 175 (1989); *People v Ritter*, 186 Mich App 701, 709; 464 NW2d 919 (1991).

The issue in this case is not the validity of the "due diligence" rule, but whether defendant waived the due diligence argument by pleading guilty. I offer no opinion on the validity of the "due diligence" rule or the correctness of the Court of Appeals opinions adopting the rule, but will assume for purposes of this case that the rule is valid.

In *People v New*, 427 Mich 482, 491 (1986), this Court held that a defendant who pleads guilty waives all claims except those that implicate the very authority of the state to bring the defendant to trial. In *People v Hanson*, 178 Mich App 507, 509-510 (Maher, J.), 511 (Reilly, J. [concurring in the result only]) (1989), a divided Court of Appeals panel, citing *New, supra*, held that a defendant does not waive the due diligence issue by pleading guilty. In so holding, the *Hanson* lead opinion analogized due diligence claims to speedy trial claims and held that such claims "implicate the very authority of the state to bring [a defendant] to trial." *Hanson, supra* at 509. But because *Hanson* was issued before November 1, 1990, it is not binding authority. MCR 7.215(J)(1). Subsequent binding Court of Appeals decisions imply that *Hanson* was incorrectly decided. In *People v Irwin*, 192 Mich App 216, 218 (1991), the Court of Appeals held that an unconditional guilty plea waives review of a claim that the 180-day rule was violated. Thus, under current law in the Court of Appeals, speedy trial issues no longer implicate the state's authority to bring a defendant to trial within the meaning of *New, supra*. As the *Hanson* panel stated, due diligence claims fall into this category of speedy trial claims. Therefore, by unconditionally pleading guilty of a probation violation, a defendant waives any issue that law enforcement did not exercise due diligence in executing the probation violation warrant.

KELLY, J., dissents and states as follows:

I would remand this case to the Court of Appeals for consideration as on leave granted. Defendant's position has support in the only published Court of Appeals decision to directly address the issue presented. *People v Hanson*, 178 Mich App 507 (1989). Also, we have not had the opportunity for a full briefing or oral argument. Under those circumstances, a definitive statement rejecting defendant's claim seems unwise.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

March 9, 2007

t0306

Clerk