STATE OF WEST VIRGINIA, *ex rel.*

WILLIAM K. KUHN

*v.*

DONIVON E. ADAMS, *Warden, West Virginia Penitentiary*

(No. 10965)

Submitted April 22, 1958. Decided May 27, 1958.

*Harry R. Taylor,* for relator.

*W. W. Barron,* Attorney General, *Virginia Mae Brown,* Assistant Attorney General, for respondent.

DUCKER, JUDGE:

William K. Kuhn filed his petition in this Court for a writ of habeas corpus *ad subjiciendum* directed to Donivon E. Adams, Warden of the West Virginia Penitentiary. This petition, prepared without aid of counsel, alleges petitioner is confined in the penitentiary for a maximum of thirty years and that the sentences are illegal and in violation of petitioner's constitutional rights. A writ was granted by this Court on March 3, 1958, and counsel was appointed to represent the petitioner.

By stipulation of counsel, all orders entered on October 20, 1956 and July 29, 1957 by the Circuit Court of Mineral County pertaining to this matter have been made a part of the record in this proceeding.

The petitioner was indicted in the Circuit Court of Mineral County, West Virginia, for the following crimes: (1) indictment No. 1477, forgery; (2) indictment No. 1478, giving worthless check in the amount of $40.00; (3) indictment No. 1479, giving worthless check in the amount

of $35.00, and (4) indictment No. 1480, forgery. The petitioner entered pleas of guilty to all four indictments on October 20, 1956 in said Circuit Court and was on that date sentenced: (1) As to indictment No. 1477 " * * * it is further adjudged and ordered that said defendant be confined in the West Virginia Penitentiary at Moundsville, West Virginia, for a period of two to ten years. * * * the Court is of opinion to and doth hereby suspend said sentence of confinement imposed on the defendant, and said defendant is hereby placed upon probation for a period of three years from this date * * * "; (2) as to indictment No. 1478 " * * * it is further adjudged and ordered that said defendant be confined in the West Virginia Penitentiary at Moundsville, West Virginia, for a period of one to five years. * * * the Court is of opinion to and doth hereby suspend said sentence of confinement imposed on the defendant, and said defendant is hereby placed upon probation for a period of three years from this date * * * "; (3) as to indictment No. 1479 " * * * it is further adjudged and ordered that said defendant be confined in the West Virginia Penitentiary at Moundsville, West Virginia, for a period of one to five years. * * * the Court is of opinion to and doth hereby suspend said sentence of confinement imposed on the defendant, and said defendant is hereby placed upon probation for a period of three years from this date * * * "; and (4) as to indictment No. 1480 " * * * it is further adjudged and ordered that said defendant be confined in the West Virginia Penitentiary at Moundsville, West Virginia, for a period of two to ten years. * * * the Court is of opinion to and doth hereby suspend said sentence of confinement imposed on the defendant, and said defendant is hereby placed upon probation for a period of three years from this date * * * ".

In July, 1957, at the instance of the Prosecuting Attorney of Mineral County, West Virginia, proceedings were had for the purpose of revoking the probation of petitioner, and as a result of which the probation in each of said cases was revoked and the petitioner was by orders entered on July 29, 1957, sentenced in accordance with the terms of

confinement as indicated in the original orders in each case, and by said orders entered on July 29, 1957, (1) as to indictment No. 1477, the effective date of sentence was July 26, 1957; (2) as to indictment No. 1478, the effective date of sentence was "Upon the completion of the sentence imposed in case No. 1477"; and as a part of the order of sentence, this language was used "* * * the court is of the opinion to and does hereby make this sentence run consecutively with and not concurrently with the sentences heretofore imposed"; (3) as to indictment No. 1479, the effective date of sentence was "Upon the completion of the sentence imposed in case No. 1478"; and as a part of the order of sentence, this language was used " * * * the court is of the opinion to and does hereby make this sentence run consecutively with and not concurrently with the sentences heretofore imposed"; and (4) as to indictment No. 1480, the effective date of such sentence was "Upon the completion of the sentence imposed in case No. 1479"; and as a part of the order of sentence, this language was used " * * * the court is of the opinion to and does hereby make this sentence run consecutively with and not concurrently with the sentences heretofore imposed."

The letter of the Judge of the Court below written to Kuhn on August 15, 1957, would seem to indicate that the Judge was under the impression the sentences in the original orders were to run concurrently, and that by the orders of July 29, 1957, he had changed this so the sentences would run consecutively.

It is the contention of the petitioner that the orders of the Circuit Court of Mineral County of July 29, 1957, are void for two reasons, namely: (1) they placed petitioner twice in jeopardy for the same offenses, and (2) they imposed a new and increased sentence from former valid sentences and judgments imposed by the same Court.

The respondent claims that the petitioner is legally confined in the penitentiary pursuant to a valid judgment

of a court of competent jurisdiction, and prays that the writ be discharged and petitioner be remanded to his custody.

Whatever may have been the intention of the trial court with respect to the sentences of October 20, 1956, or any recollection as to what was done, the fact remains there is no language in the orders of October 20, 1956, indicating these sentences were to run concurrently and "Courts of record can speak only by their record and what does not so appear does not exist in law." Point 2, syllabus, *Powers v. Trent*, 129 W. Va. 427, 40 S. E. 2d 837.

Thus the question is presented as to what was the legal effect of the orders of October 20, 1956. This question is settled by the provisions of Chapter 61, Article 11, Section 21 of the Code of West Virginia, as follows:

> "When any person is convicted of two or more offenses, before sentence is pronounced for either, the confinement to which he may be sentenced upon the second, or any subsequent conviction, shall commence at the termination of the previous term or terms of confinement, unless, in the discretion of the trial court, the second or any subsequent conviction is ordered by the court to run concurrently with the first term of imprisonment imposed."

The rule respecting concurrent or consecutive sentences and the applicable statute involved were discussed by Judge Lovins in *Medley v. Skeen, Warden,* 138 W. Va. 409, 414, 76 S. E. 2d 146, as follows:

> "Before discussing the merits of this case, we deem it necessary to discuss the question whether sentences pronounced by the same court and for different offenses run concurrently or consecutively. There seems to be a difference in judicial opinion as to this question.
>
> "One rule is that in the absence of a controlling statute, sentences of imprisonment imposed under different counts, or for different offenses by the same court, are construed as running concurrently,

and the accused should be discharged on the expiration of the maximum term. 15 Am. Jur. Criminal Law, §465. See Annotation 70 A.L.R., pages 1511, 1512.

"A contrary view has been adopted by the Supreme Court of Appeals of Virginia. In the case of *Hudson* v. *Youell,* (Va.) 19 S. E. 2d 705, 709, it is stated: 'The general rule in Virginia, both before we had a statute on the subject and since, is that sentences run consecutively and not concurrently.' The case of *Commonwealth* v. *Leath,* 1 Va. Cases 151 and 3 Va. 151, decided in 1806, is cited as authority for that proposition.

"We are not confronted with adopting either rule, since the question of whether a sentence which runs concurrently or consecutively is controlled by statute * * * (Code, 61-11-21.) The statute just quoted was in force at the time of the conviction of petitioner and manifestly provides for instances where the trial court has not stated that sentences run consecutively before the sentence is pronounced for either." [Emphasis supplied]

Therefore, these specific sentences by the court, upon pleas of guilty by petitioner, were imposed without the orders specifying whether the sentences would run concurrently or consecutively, and hence the law, under Code 61-11-21, requires the sentences to run consecutively; and, upon revocation of the suspension of these sentences, the orders of the court of July 29, 1957, requiring the sentences in the last three cases to begin when the sentence in the immediately preceding commitment was completed merely spelled out the time for the beginning and ending of each sentence, and said orders did not increase the total or impose different sentences from those first imposed, and were entirely proper under the laws of this state. Therefore, such result also answers in the negative the contention that petitioner was twice placed in jeopardy for the same offenses.

We conclude that the record clearly shows the petitioner was properly sentenced and that such sentences, aggregating a maximum term of thirty years, are valid. Therefore

the petitioner has not served the total terms of lawful imprisonment imposed upon him, and must complete the sentences pronounced by the Circuit Court of Mineral County for the four crimes of which he was convicted.

For the reasons assigned, the writ of habeas corpus heretofore awarded by this Court is discharged and the petitioner remanded to the custody of the Warden of the West Virginia Penitentiary.

*Writ discharged;*
*petitioner remanded.*