296 S.E.2d 684

**STATE of West Virginia**

v.

**Ben PATTERSON.**

**No. 15351.**

Supreme Court of Appeals of West Virginia.

May 27, 1982.

Gregory W. Bailey, Deputy Atty. Gen., for appellee.

James L. Satterfield, Princeton, for appellant.

HARSHBARGER, Justice:

Patterson was sentenced to one to ten years for breaking and entering to which he had pled guilty in return for dismissal of four other indictments. After a presentence evaluation at Huttonsville Correctional Center, his sentence was suspended and he was committed to the Anthony Correctional Center, a place for young male offenders, for a period of not less than six months.*

Later, he was returned to his sentencing court and given probation for six months. He was first advised of the rules of probation and signed a "probation contract." Shortly thereafter, he was arrested for shoplifting and pled guilty in Bluefield Municipal Court, and also was arrested for petit larceny and pled guilty in the same court.

The original sentencing court determined that he could not resentence Patterson to Anthony, and imposed his original one-to-ten year sentence, with credit given for time served.

W.Va.Code, 62–12–9, states, in part, that "[r]elease on probation shall be upon the following conditions: (1) That the probationer shall not, during the term of his probation, violate any criminal law of this or any other state, or of the United States." Furthermore, the specific probation contract signed by Patterson provided:

I must not violate any city, state or federal laws.

. . . .

I understand that I have been given a _____ suspended sentence and in the event there is substantial evidence to support the charge of violation of any of the conditions of my probation, the Court, at the conclusion of the Hearing, may revoke my probation and sentence me as provided by law.

Our research revealed that another state has dealt directly with this problem. In *People v. McNeil*, 104 Mich.App. 24, 303 N.W.2d 920 (1981), McNeil, whose probation was revoked after he violated several of its conditions, claimed that the original

---

* W.Va.Code, 25–4–6:

"The judge of any court with original criminal jurisdiction may suspend the imposition of sentence of any male youth convicted of or pleading guilty to a criminal offense, other than an offense punishable by life imprisonment, who has attained his sixteenth birthday but has not reached his twenty-first birthday at the time of the commission of the crime, and commit him to the custody of the West Virginia commissioner of public institutions to be assigned to a center. The period of confinement in the center shall be for a period of six months, or longer if it is deemed advisable by the center superintendent, but in any event such period of confinement shall not exceed two years. If, in the opinion of the superintendent, such male offender proves to be an unfit person to remain in such a center, he shall be returned to the court which committed him to be dealt with further according to law. In such event, the court may place him on probation or sentence him for the crime for which he has been convicted. In his discretion, the judge may allow the defendant credit on his sentence for time he has spent in the center.

"When, in the opinion of the superintendent, any boy has satisfactorily completed the center

training program, such male offender shall be returned to the jurisdiction of the court which originally committed him. He shall be eligible for probation for the offense with which he is charged, and the judge of the court shall immediately place him on probation. *In the event his probation is subsequently revoked by the judge, he shall be given the sentence he would have originally received had he not been committed to the center and subsequently placed on probation. The court shall, however, give the defendant credit on his sentence for the time he spent in the center.*

"Any male youth between the ages of ten and eighteen committed by the judge of any court of competent jurisdiction for any of the causes, and in the manner prescribed in article five [§ 49–5–1 et seq.], chapter forty-nine of this Code, may, if such youth is or has attained the age of sixteen, be placed in a center or transferred from the industrial school or like facility to a center and back to such facility by the commissioner of public institutions, if he deems it proper for the youth's detention and rehabilitation." (Emphasis added.)

sentence of probation was impermissibly vague because he was not informed of probation violation consequences. The Michigan Court of Appeals found no merit in this argument:

> We find no court rule or case which requires the advice which defendant found lacking in his probation order. Rather, we find MCL 771.4; MSA 28.-1134, which states that probation may be revoked by the sentencing court because of a violation of probation and "the court may proceed to sentence such probationer in the same manner and to the same penalty as it might have done if such probation order had never been made." Finally, and as a practical matter, we believe that *it would be most unusual for a defendant not to understand that, if he violates a term or condition of probation, the court could sentence him to any term of imprisonment to which he might have been sentenced upon his conviction of the underlying crime.* (Cite omitted.) *Id.* at 27, 303 N.W.2d at 922. (Emphasis added.)

Patterson was advised that revocation of probation would follow violation of a city, state or federal law. He did not honor his probation agreement, and has not convinced us that he violated the law because he thought that if he got caught he would only again go to Anthony; and that he would not have erred had he known that he would have had his one-to-ten year sentence activated.

Defendant was properly sentenced. Code, 25–4–6 provides that "[i]n the event his probation is subsequently revoked by the judge, he shall be given the sentence he would have originally received had he not been committed to the Center and subsequently placed on probation." The judge did not have any discretion to resentence Patterson to Anthony Correctional Center.

Affirmed.