472 S.E.2d 822

**STATE of West Virginia, Plaintiff Below, Appellee,**

v.

**Shawn MARTIN, Defendant Below, Appellant.**

No. 23083.

Supreme Court of Appeals of West Virginia.

Submitted May 28, 1996.

Decided June 14, 1996.

Darrell V. McGraw, Jr., Attorney General, Mary Blaine McLaughlin, Assistant Attorney General, Charleston, for Appellee.

Leonard Kaplan, Assistant Public Defender, Office of the Public Defender, Charleston, for Appellant.

PER CURIAM.

This case is before this Court upon an appeal from the final order of the Circuit Court of Marion County, West Virginia, entered on March 15, 1995. Pursuant to that order, the circuit court denied the motion of the appellant, Shawn Martin, to reconsider the revocation of his probation. The appellant contends upon appeal that the circuit court's resentencing of the appellant to the consecutive sentences he received upon two felony convictions, committed prior to his placement upon probation, violated *W.Va. Const.* art. III, § 5, which states: "Penalties

shall be proportioned to the character and degree of the offense."

This Court has before it the petition for appeal, all matters of record and the briefs and argument of counsel. For the reasons stated below, this Court is of the opinion that the contention of the appellant is without merit. The final order is, therefore, affirmed.

## I

The facts are largely undisputed. In March, 1993, the appellant was sentenced in the Circuit Court of Marion County to a penitentiary term of not less than two nor more than ten years for the felony offense of malicious assault. *W.Va.Code,* 61–2–9(a) [1978]. The circuit court, however, suspended the sentence and placed the appellant on probation. Observing that the appellant had a "substance abuse problem," the circuit court admonished the appellant to consume no alcohol or prohibited drugs while on probation. In addition, the circuit court required the appellant to attend Alcoholics Anonymous and Narcotics Anonymous meetings on a regular basis.

Nevertheless, the circuit court revoked the appellant's probation in December, 1993. That revocation was based primarily upon the failure of the appellant to report to his probation officer for the months of August, September and October, 1993. More significantly, however, the appellant had entered a plea of guilty on December 10, 1993, in Marion County, to the felony offense of aggravated robbery. *W. Va.Code,* 61–2–12 [1961]. The appellant received a penitentiary sentence of ten years upon the aggravated robbery conviction.

In March, 1994, the circuit court suspended the malicious assault and aggravated robbery sentences and ordered the appellant committed to the Anthony Center in Neola, West Virginia, pursuant to this State's Youthful Offenders Act, *W.Va.Code,* 25–4–1 [1955], *et seq.* The record indicates that, while at the Anthony Center, the appellant participated in various alcohol and drug programs.. Following his release from the Anthony Center, the circuit court sentenced the appellant, on September 21, 1994, to consecu-

tive penitentiary terms of not less than two nor more than ten years, with regard to the malicious assault conviction, and ten years, with regard to the aggravated robbery conviction.[1] The circuit court, however, suspended the sentences and again placed the appellant on probation and, specifically, on home confinement pursuant to this State's Home Confinement Act, *W.Va.Code*, 62–11B–1 [1994], *et seq.* As it had done previously, the circuit court admonished the appellant to consume no alcohol or prohibited drugs while on probation, and the appellant was again required to attend Alcoholics Anonymous and Narcotics Anonymous meetings on a regular basis.

Soon after, however, the State filed a petition seeking the revocation of the appellant's probation, alleging that the appellant consumed alcohol and, in addition, left his Fairmont residence in violation of his home confinement agreement. The evidence subsequently adduced indicated that on October 29, 1994, the appellant consumed a 40–ounce bottle of beer and then ran from his residence upon observing some law enforcement officers approaching his home. The officers chased him down and arrested him. ·The appellant stipulated to those events but, nevertheless, asked the circuit court to continue his probation.

Pursuant to an order entered on December 2, 1994, the circuit court revoked the appellant's probation and resentenced the appellant to consecutive penitentiary terms upon the underlying felonies, i.e., not less than two nor more than ten years, with regard to the malicious assault conviction, and ten years, with regard to the aggravated robbery conviction. The appellant's motion to reconsider the revocation of his probation was denied by the final order entered on March 15, 1995. *See W.Va.R.Crim.P.* 35.

## II

▮ Although this Court has observed that probation is a matter of grace and not a

matter of right, syl. pt. 1, *State v. Rose,* 156 W.Va. 342, 192 S.E.2d 884 (1972), we have also recognized that a number of procedural protections surround the revocation of probation. Syl. pt. 12, *Louk v. Haynes,* 159 W.Va. 482, 223 S.E.2d 780 (1976); *W.Va.R.Crim.P.* 32.1; Franklin D. Cleckley, *Handbook on West Virginia Criminal Procedure,* I–7, 8 (2nd ed. 1993). Moreover, in *State v. Ketchum,* 169 W.Va. 9, 12–13, 289 S.E.2d 657, 659 (1981), this Court held that "the standard of proof in a probation revocation hearing is by a clear preponderance of the evidence and not proof beyond a reasonable doubt." *See also* syl. pt. 4, *Sigman v. Whyte,* 165 W.Va. 356, 268 S.E.2d 603 (1980). Of course, as this Court observed in syllabus point 1 of *Ketchum, supra,* "[a] probation revocation may be reviewed either by a direct appeal or by a writ of habeas corpus."

As indicated above, however, the appellant stipulated to the violations committed on October 29, 1994. Moreover, the appellant does not suggest that the consecutive sentences he received upon resentencing, in themselves, are disproportionate to the character and degree of the underlying felony offenses. In fact, the appellant states in his petition for appeal that the consecutive sentences are not disproportionate to the appellant's "having used a weapon to rob someone and having maliciously assaulted someone." Rather, asserting that the probation violations of October 29, 1994, were *de minimus,* the appellant contends that the consecutive sentences are disproportionate to those violations and are, therefore, unconstitutional. *See State v. Minor,* 176 W.Va. 92, 95, 341 S.E.2d 838, 841 (1986), stating that probation should not be revoked for "minor technical violations."

The State responds by asserting that the appellant's malicious assault and aggravated robbery convictions, and not the probation violations, are determinative of whether the consecutive sentences are unconstitutional under the proportionality principles of *W.Va. Const.* art. III, § 5. In that regard, the State emphasizes that the sentences given

---

1. Although the order of September 21, 1994, did not specify whether the sentences the appellant received upon the malicious assault and the aggravated robbery convictions were consecutive or concurrent, the parties have indicated that the circuit court imposed consecutive sentences. In fact, during the September, 1994 sentencing

hearing, the circuit court expressly stated that the sentences were to be consecutive. *See* Franklin D. Cleckley, *Handbook on West Virginia Criminal Procedure,* II–388–89 (2nd ed.1993), discussing, generally, circumstances determinative of whether sentences are to be consecutive or concurrent in this State.

the appellant concerning the two felonies were minimum sentences under chapter 61, article II, concerning crimes against the person.[2]

■ According to the record, the appellant had satisfactorily completed his assigned programs at the Anthony Center when he was placed on probation in September, 1994. Upon the revocation of his probation, the appellant was resentenced pursuant to *W.Va. Code,* 25–4–6 [1975], of the Youthful Offenders Act. That statute provides:

When, in the opinion of the superintendent, any boy has satisfactorily completed the center training program, such male offender shall be returned to the jurisdiction of the court which originally committed him. He shall be eligible for probation for the offense with which he is charged, and the judge of the court shall immediately place him on probation. In the event his probation is subsequently revoked by the judge, he shall be given the sentence he would have originally received had he not been committed to the center and subsequently placed on probation.

The above language of *W.Va.Code,* 25–4–6 [1975], was considered by this Court in *State v. Patterson,* 170 W.Va. 721, 296 S.E.2d 684 (1982). In *Patterson,* a defendant was committed to the Anthony Center following his conviction for breaking and entering and sentencing to the penitentiary for one to ten years. Upon his release from the Anthony Center, the defendant was placed on probation. Soon after, however, the defendant entered a plea of guilty to shoplifting and petit larceny. In revoking the defendant's probation, the circuit court resentenced the defendant to the penitentiary for one to ten years, rather than returning the defendant to the Anthony Center as the defendant had requested. Although no constitutional issues were raised in *Patterson,* this Court upheld

the resentencing and stated in the syllabus point: "W.Va.Code, 25–4–6, does not allow a trial court discretion to impose any less than the original sentence when a male defendant, who has served at a youth correctional facility, violates his probation agreement."

■ With regard to the constitutional issue of proportionality, this Court, in *State v. Cooper,* 172 W.Va. 266, 304 S.E.2d 851 (1983), recognized two tests to determine whether a sentence is so disproportionate to the offense that it violates *W.Va. Const.* art. III, § 5. The *Cooper* opinion states:

The first [test] is subjective and asks whether the sentence for the particular crime shocks the conscience of the court and society. If a sentence is so offensive that it cannot pass a societal and judicial sense of justice, the inquiry need not proceed further. When it cannot be said that a sentence shocks the conscience, a disproportionality challenge is guided by the objective test we spelled out in Syllabus Point 5 of *Wanstreet v. Bordenkircher,* 166 W.Va. 523, 276 S.E.2d 205 (1981):

'In determining whether a given sentence violates the proportionality principle found in Article III, Section 5 of the West Virginia Constitution, consideration is given to the nature of the offense, the legislative purpose behind the punishment, a comparison of the punishment with what would be inflicted in other jurisdictions, and a comparison with other offenses within the same jurisdiction.'

172 W.Va. at 272, 304 S.E.2d at 857. *See also State v. Broughton,* 196 W.Va. 281, 470 S.E.2d 413 (1996); *State v. Woods,* 194 W.Va. 250, 254, 460 S.E.2d 65, 69 (1995).

As the language of *W.Va.Code,* 25–4–6 [1975], of the Youthful Offenders Act suggests, where a defendant contests and ultimately defeats the impending revocation of

---

2.  As provided by *W.Va.Code,* 61–2–9(a) [1978]:
    If any person maliciously shoot, stab, cut or wound any person, or by any means cause him bodily injury with intent to maim, disfigure, disable or kill, he shall, except where it is otherwise provided, be guilty of a felony, and, upon conviction, shall be punished by confinement in the penitentiary not less than two nor more than ten years.
    Moreover, as provided by *W.Va.Code,* 61–2–12 [1961]:

If any person commit, or attempt to commit, robbery by partial strangulation or suffocation, or by striking or beating, or by other violence to the person, or by the threat or presenting of firearms, or other deadly weapon or instrumentality whatsoever, he shall be guilty of a felony, and, upon conviction, shall be confined in the penitentiary not less than ten years.

his probation, the question of resentencing under that statute does not arise. Here, however, the motion to reconsider the revocation of probation notwithstanding, the focus of the appellant in his petition for appeal and brief has not been upon whether his probation should have been revoked because of the violations of October 29, 1994, but, instead, upon the issue of the constitutional proportionality of his sentence following the revocation. Contrary to the appellant's view, nevertheless, this Court is of the opinion that the State is correct in asserting that the malicious assault and aggravated robbery convictions, and not the probation violations, are determinative of whether the consecutive sentences are unconstitutional under proportionality principles.

In *State v. Cooper,* 167 W.Va. 322, 280 S.E.2d 95 (1981), this Court compared the granting of probation to parole and stated that probation has no correlation to the underlying criminal sentence, whereas parole is directly tied to it. 167 W.Va. at 331, 280 S.E.2d at 100. In support of that distinction, we cited *Jett v. Leverette,* 162 W.Va. 140, 247 S.E.2d 469 (1978), syllabus point 1 of which observes:

> In West Virginia there are fundamental statutory differences between probation and parole in the relationship they bear to the underlying criminal sentence. The term probation has no correlation to the underlying criminal sentence, while parole is directly tied to it. In effect, there is a probation sentence which operates independently of the criminal sentence.

In this case, the appellant's "probation sentence" terminated upon the revocation of his probation. He was then resentenced pursuant to *W.Va.Code,* 25–4–6 [1975], which provides that, in the event his probation is revoked, the offender "shall be given the sentence he would have originally received had he not been committed to the center and subsequently placed on probation." Thus, the appellant again received consecutive sentences upon the malicious assault and aggravated robbery convictions. That sentence was required by *W.Va.Code,* 25–4–6 [1975], and our holding in *Patterson, supra.* Importantly, the appellant does not contest the probation violations but, rather, seeks to relate the violations to his resentencing. That he cannot do in terms of constitutional proportionality. The consecutive sentences were for two violent felony offenses, the latter of which was committed by the appellant during a previous period of probation. The sentences imposed were minimum statutory sentences, and the fact that they are to be served consecutively comports with both the subjective and the objective tests discussed in *Cooper, supra,* in terms of constitutional proportionality.[3]

In syllabus point 2 of *Watson v. Whyte,* 162 W.Va. 26, 245 S.E.2d 916 (1978), this Court held that a youthful offender is entitled to an evidentiary hearing under *W.Va.Code,* 25–4–6 [1975], when, facing "resentencing to the penitentiary," he is returned from a center as unfit. *See also* syl.

3. The appellant notes that, unlike *W.Va.Code,* 25–4–6 [1975], the provisions of *W.Va.Code,* 62–12–10 [1955], a more general statute concerning the violation of probation, allow a circuit court to continue probation, even when probation violations occur. As *W.Va.Code,* 62–12–10 [1955], provides:

> If, despite a violation of the conditions of probation, the court or judge shall be of the opinion that the interests of justice do not require that the probationer serve his sentence, the court or judge may, except when the violation was the commission of a felony, again release him on probation.

According to the appellant, the two statutes are inconsistent, resulting in an additional constitutional problem with regard to the appellant's resentencing under *W.Va.Code,* 25–4–6 [1975].

A close scrutiny of those statutes, however, reveals sufficient dissimilarities between the provisions to invalidate the appellant's comparison.

For example, although *W.Va.Code,* 25–4–6 [1975], appears to be more strict than *W.Va.Code,* 62–12–10 [1955], in terms of the consequences of probation violations, *W.Va.Code,* 25–4–6 [1975], includes a provision establishing an absolute right to probation, whereas such a provision does not exist in a comparable fashion in *W.Va.Code,* 62–12–10 [1955]. As *W.Va.Code,* 25–4–6 [1975], states:

> When, in the opinion of the superintendent, any boy has satisfactorily completed the center training program, such male offender shall be returned to the jurisdiction of the court which originally committed him. He shall be eligible for probation for the offense with which he is charged, and the judge of the court shall immediately place him on probation.

In any event, although this Court has stated that the probation provisions of the Youthful Offenders Act and this State's general probation statutes should be read and considered together,

pt. 3, *State ex rel. Winter v. MacQueen,* 161 W.Va. 30, 239 S.E.2d 660 (1977), indicating that certain legislation precluding a defendant from probation does not "create a penalty disproportionate to the character or degree of the offense"; *State ex rel. Kuhn v. Adams,* 143 W.Va. 551, 103 S.E.2d 530 (1958), upholding consecutive sentences following a revocation of probation; 21 Am. Jur.2d, *Criminal Law,* § 578 (1981); Daniel E. Feld, Annotation, *Propriety, in Imposing Sentence for Original Offense After Revocation of Probation, of Considering Acts Because of Which Probation Was Revoked,* 65 A.L.R.3d 1100 (1975).

The resentencing of the appellant to not less than two nor more than ten years, with regard to the malicious assault conviction, and ten years, with regard to the aggravated robbery conviction, did not violate the proportionality principles of *W.Va. Const.* art. III, § 5. Accordingly, the final order of the Circuit Court of Marion County, entered on March 15, 1995, is affirmed.

Affirmed.

*State v. Reel,* 152 W.Va. 646, 651, 165 S.E.2d 813, 816 (1969), the two statutory schemes do not coincide in all areas and are, no doubt, the embodiment of separate legislative purposes.

We, therefore, decline to adopt the assertion of the appellant that the above "inconsistency" renders the resentencing of the appellant unconstitutional.